FRANK FLOYD V. THE STATE.

*No. 6899.  Decided December 17.*

1.  **Assault and Battery—Presumption of Intent—Burden of Proof.**—The use of any unlawful violence upon either the person or the mind of another constitutes an assault and battery.  If injury be in fact inflicted by the act of the accused, the criminal intent is presumed, and the burden then devolves upon the accused to show an innocent intent.

2.  **Same—Charge of the Court.**—The material issue as made by the evidence in this case was the intent of the accused in the commission of the alleged criminal act. The proof shows that accused seized and threw the prosecutrix to the ground, and made to her an indecent proposal.  But it fails to establish affirmatively an injury to the mind of the prosecutrix.  Under this state of case the trial court charged as follows:  "When an injury is caused to the person the intent to injure is presumed, and it rests with the person inflicting the injury to show accident or innocent intention."  *Held*, correct in the abstract, but in view of the proof erroneous, in that it assumes injury.  It should have further required the jury to find from the evidence that injury was actually inflicted.

3.  **Same.**—See the statement of the case for requested instructions which, under the proof on this trial, it was error on the part of the trial court to refuse.

APPEAL from the County Court of Parker.  Tried below before Hon. I. N. Roach, County Judge.

The conviction was for an aggravated assault and battery upon A. O. Forehand, a female.  The penalty assessed was a fine of $25.

Mrs. A. O. Phillips, *nee* Forehand, the alleged injured female, testified for the State, in substance, that having passed the night of January 17, 1889, at the house of her uncle, Berry Baker, she started to return to her home on the morning of the 18th.  The defendant, who came to Baker's house on that morning, attended the witness as her escort.  Reaching a creek on the route, at a point where it was heavily timbered, the defendant extended his hand to assist the witness in crossing.  Witness took his hand and sprang across the creek.  Defendant then seized the witness's other hand, threw her down, took a seat by her side, attempted to pull up her clothes, and asked her to "give it up to him," or to give him "some." The witness refused, and said to him, "I wont do that way; quit, let me alone, and let me up."  Defendant did nothing more.  Witness got up and

started home.   The defendant starting to accompany her, she told him that he could not walk at her side, but would have to walk either in front of or behind her.   On the way home the defendant, walking sometimes in front of and sometimes behind the witness, begged the witness not to report what he had done and said to witness.   The defendant committed the acts stated without the consent of the witness.

On her cross-examination the witness stated that she was married to William Phillips six days after the alleged assault upon her by the defendant.   She did not report the matter until the third night after her marriage when, after going to bed, she told her husband.   The witness denied that on reaching home soon after the assault she invited the defendant to take a seat, or to remain, or to call again.   Witness's father, mother, Mr. Dave Floyd, and Miss Lou Baker were at the witness's house when she and the defendant arrived on that morning.   Defendant and Miss Lou Baker left together.   Defendant had hold of one of witness's hands before they reached the creek where the assault occurred.   He and witness had often been in the company of each other.   Defendant had frequently kissed the witness, and may at times have had his arm around her.   It was not true that the witness had ever stepped over him while he was lying prostrate on a floor, or that she had ever suffered him to lie with his head in her lap.   Witness made no outcry at the time of the assault.

F. Baker testified for the State that a few days after he heard of the alleged assault upon Miss Forehand he asked the defendant why he had treated the girl in that manner, to which inquiry the defendant replied, "I was only trying to take a little from her, but she was too much man for me."

Testifying in his own behalf, the defendant stated that it was true he solicited carnal favors from the prosecutrix on the day alleged in the indictment, but it was not true that he threw her down or attempted to pull up her clothes.   He asked her to give him "some" several times before reaching the creek.   She declined each time that he made the request.  Upon jumping the creek the witness's foot slipped and he fell to a sitting posture, unintentionally dragging Miss Forehand with him.   As she continued to sit there with him he put his hand on her thigh and again asked her for "some."   She again declined, saying "I wont do that way."   She and the witness then by mutual consent got up and resumed their journey to Mr. Forehand's house.   Arrived there the prosecutrix invited the witness into the house, procured him a chair, and when he started off with Miss Lou Baker she invited him to call again.   At two or more meetings after that Miss Forehand received him in a friendly manner.

The refused requested instructions referred to in the last head note of this report read as follows:

"1.   The jury are instructed that no conviction can be had in this cause

unless you believe from the evidence that the defendant, Frank Floyd, did, within two years before the 18th day of January, 1889, attempt to use unlawful violence upon the person of witness A. O. Phillips, and further, that said violence was wilfully committed with the intent on the part of the defendant to injure said witness. The burden of proof is upon the State to prove unlawful force and violence, as well as the injury attempted or inflicted. The State failing to prove either of these facts to your satisfaction beyond a reasonable doubt, you will acquit the defendant.

"2. The law presumes the defendant innocent, and the presumption of innocence goes with him to the end of the trial.

"3. The jury in this case are not authorized to pass upon the propriety or impropriety of the defendant's acts and conduct further than his responsibility to the law as given you in charge herein by the court. And you are further instructed that though you may believe that though the conduct of defendant towards the witness A. O. Phillips (formerly A. O. Forehand) to have been imprudent and indecently familiar, yet if the said acts did not injure the person of said prosecuting witness, producing bodily pain, constraint, or sense of shame, or other disagreeable emotion of the mind at the time of the commission of said acts, you will find the defendant not guilty as charged.

"4. Whether or not the prosecuting witness was injured by use of violence to her person, constrained or shamed by the defendant's conduct, is a question of fact to be decided by the jury from the evidence in the case, and the conduct of the said witness both before and after the said acts can be looked to as evidence in the case.

"5. The jury are instructed that no amount of constraint, sense of shame, or other disagreeable emotion of the mind caused by words alone will authorize a conviction of an aggravated assault.

"6. You are further instructed that no conviction can be had for either an assault, assault and battery, or aggravated assault and battery unless there was used by defendant towards the person of the prosecutrix unlawful violence with the intent on the part of the defendant to inflict injury upon said prosecutrix.

"7. No mistake of law excuses one committing an offense. But if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense. The mistake as to fact which will excuse under the preceding clause must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct; and it must also be such mistake as does not arise from a want of proper care on the part of the person committing the offense.

"8. If, therefore, you believe from the evidence that the defendant and the prosecutrix had, prior to the commission of the offense charged, been upon such terms of intimacy and had so conducted themselves to-

wards each other as to cause defendant to reasonably believe that the advances made by him to her on said occasion would not cause bodily or mental pain, constraint, a sense of shame, or other disagreeable emotion of the mind, but would, on the contrary, be lightly heard and not offensively or angrily received, and that it was not the purpose or intention of the defendant to either injure or wound (in body or mind) the said prosecutrix, you will acquit the defendant because of such mistake of fact, provided you further believe that said mistake did not arise from a want of proper care on the part of defendant. Proper care is such as is required of men of ordinary prudence and discretion.

"8½. The defendant is charged with the offense of an aggravated assault upon A. O. Phillips, formerly A. O. Forehand. The jury are instructed that an assault is the attempt to use unlawful violence upon the person of another with the intent to injure the person assaulted.

"9. The defendant being charged with an aggravated assault, the jury are instructed that to authorize a conviction in this case you must be satisfied beyond a reasonable doubt that the defendant, about the time charged in the indictment, did attempt to use violence towards the person of the witness A. O. Phillips, and that said attempted violence was unlawful, and further that the defendant's intention was to injure the said person of witness; and unless you are satisfied that these facts have been proved by the State beyond a reasonable doubt, you will acquit the defendant."

*J. M. Richards,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for aggravated assault and battery.

The conviction can be sustained alone upon the truth of one fact, which is that the appellant intended to injure the feelings of the prosecutrix, then Miss A. O. Forehand, who has since married Mr. William Phillips. She says that appellant took hold of and threw her on the ground, pulled up her clothes, and made indecent proposals to her, which were rejected, she saying to him, "Quit, I will not do it."

The use of any unlawful violence upon the person of another, with intent to injure, is an assault and battery. Two things must concur—the one physical and the other mental—the act and the intent. There must be a physical act done which takes effect upon the person of the one assaulted. To this physical act must be added an accompanying intent to injure. The injury may be to the feelings or mind as well as to the person. When an injury is in fact inflicted to the feelings or the mind the intent to injure is presumed.

The vital question, when viewed in the light of the evidence in this case, is, did the defendant intend to injure the feelings by producing in the mind of Miss Forehand a sense of shame or any other disagreeable emotion? If he did not, or rather if this fact is not proved, he would not be guilty, though a sense of shame or other disagreeable emotion of the mind was produced by the acts, etc., of the defendant. If a sense of shame or other disagreeable emotion was in fact produced by the violence used by defendant upon her person, accompanied by an indecent proposal, the intent to injure is presumed. This, however, is not a conclusive presumption. It is open to proof, and the real fact may be shown. But when the State clearly shows the injury the presumption of intent to injure arises, and the burden shifts to the accused, and he must prove accident or innocent intention. Now, the State proposes to prove intent to injure by showing that in fact Miss Forehand was injured, and by the presumption of the statute. This is legitimate and proper. But the injury in fact must be clearly shown. This can not be presumed.

Bearing upon this matter the court charged the jury as follows: "When an injury is caused to the person the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." Abstractly this is correct; but this charge assumes the injury, which under the facts of this case was not warranted, because the evidence renders it doubtful whether Miss Forehand's feelings were injured. Under the facts of this case the charge should have been that "if the jury believed from the evidence that an injury had been inflicted, then the presumption obtained, and it rests with the accused to show accident or innocent intention." Counsel promptly excepted to the charge given, and we think the exception was well taken.

Again, the court gave the definition of an assault and battery, of which, of course, the intent to injure is a part. But counsel requested an instruction directly applying this element of the offense to this case. This was rejected by the court and defendant excepted. In this there was also error, the intent to injure, viewed in the light of the evidence, being the vital question in the case.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.