## L. D. YOUNG v. THE STATE.

### *No. 7655.    Decided May 11.*

1. **Aggravated Assault — Indecent Familiarity with Person of Female.**—See the opinion for a statement of facts amply sufficient to constitute an aggravated assault upon a married woman, by an indecent and lascivious familiarity with her person while asleep, and in which it was held that a verdict and judgment assessing a penalty of $300 fine and six months imprisonment in the county jail was not excessive.

2. **Evidence — Good Character of Defendant — Prejudicial Remarks of Court.**—On the trial, when defendant proposed to put in evidence his good character, the court remarked, in presence and hearing of the jury, that he would "admit the testimony, but did not see its relevancy." *Held*, that while the remark was improper and prejudicial to defendant, the error was harmless under the facts in this case, because the guilt of defendant was incontrovertible and deliberately confessed by him.   If the evidence establishing the guilt of the defendant be of such a nature as can not reasonably be questioned, or rebutted by proof of good character, its exclusion would not constitute reversible error.

3. **Aggravated Assault—Shame or Other Disagreeable Emotion of the Mind — Charge of the Court.**—Where the court charged the jury in the language of article 485 of the Penal Code, as follows:  "When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention.   The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind;" which charge was excepted to by defendant, because it assumed that there was injury, and suggested that there were grounds for convicting the defendant for which there was no evidence; *held*, that while the prosecutrix did not testify to any sense of shame or other disagreeable emotion of the mind, still defendant's own declarations as to her virtue and high character is confession of the wrong he had done her, and the prosecutrix's speedy complaint to her husband of the gross insult leaves no doubt as to the propriety of the charge, and fully justified the conviction.

APPEAL from the County Court of Callahan.    Tried below before Hon. E. E. SOLOMON, County Judge.

Appellant was prosecuted under an information charging him with an aggravated assault and battery upon a female. At the trial he was convicted, and his punishment assessed at a fine of $300, with six months imprisonment in the county jail.

The facts are sufficiently stated in the opinion of the court.

*B. R. Webb*, for appellant, submitted a printed brief, in which he propounded the following propositions, with authorities:

First proposition. The court erred in its remark, made in the presence and hearing of the jury, relative to the evidence of the previous reputation of defendant as being a quiet, orderly, peaceable, law abiding citizen, and in saying that he could not see its bearing or relevancy to the case then upon trial. Code Crim. Proc., art. 729; Moncallo v. The State, 12 Texas Ct. App., 171; Coffee v. The State, 1 Texas Ct. App., 548; Johnson v. The State, 17 Texas Ct. App., 565; 1 Greenl. Ev., sec. 25.

Second proposition. Defendant's good character as a law abiding citizen was a circumstance the jury might consider, not as an excuse for the crime, but in mitigation of the punishment therefor. It was error for the court to forestall its force and effect by conveying to the jury its impression as to how the same should be regarded, or what weight it had, or should be given it by the jury in arriving at their verdict in this case. Lee v. The State, 2 Texas Ct. App., 338; Jones v. The State, 10 Texas Ct. App., 552; Lockhart v. The State, 3 Texas Ct. App., 567; 2 Russell Crim. Ev., 784, 786; 1 Phil. Ev., 469; and cases under preceding proposition.

Third proposition. The court erred in its written charge to the jury in that portion of its charge which is given, as the law applicable to this case, article 485 of the Penal Code; the latter portion of such charge not being applicable to any phase of the case as made by the evidence in the case. Dowlen v. The State, 14 Texas Ct. App., 61; Clubb v. The State, 14 Texas Ct. App., 192; Purtell v. The State, 43 Texas, 483.

Fourth proposition. The penalty imposed by the verdict and judgment is excessive and not warranted by the evidence, and the court erred in overruling defendant's motion for a new trial based upon this ground.

Fifth proposition. The conviction is not warranted by nor sustained by the evidence, in that the evidence wholly fails to show that any injury whatever was done or caused to Mrs. Annie Miller by the act constituting the alleged assault and battery, with which appellant was charged. 2 Bish. Crim. Law, 7 ed., secs. 33, 29.

No brief on file for the State.

SIMKINS, Judge.—Appellant, L. D. Young, was charged by information, filed in the County Court, with having committed an aggravated

assault and battery upon Mrs. Annie Miller, on the 10th day of June, 1891. Defendant entered a plea of not guilty, and a trial by jury was had, resulting in a verdict of guilty, with the penalty assessed at a fine of $300 and imprisonment in the county jail for six months.

Appellant seeks a reversal of this cause upon the grounds, (1) that the court, while admitting in evidence the reputation of the defendant as a quiet and orderly citizen, erred in stating before the jury that such evidence was irrelevant to the issue; (2) that the conviction was not warranted or sustained by the evidence, because the evidence fails to show that any injury, was done to Mrs. Miller by the act constituting the alleged assault; (3) the court erred in charging article 485 of the Penal Code; and (4) the penalty was excessive.

While this court has uniformly held that the defendant may in every criminal case prove his general good character, so far as it is relevant to the charge, and its exclusion is error, yet it is not such error as will invariably lead to a reversal of the case. Good character is like any other fact or circumstance offered in evidence bearing on the question of the guilt of the accused. If the evidence establishing the guilt of the defendant be of such a nature as can not reasonably be questioned or rebutted by the proof of good character, its exclusion will not be reversible error. Lee v. The State, 2 Texas Ct. App., 341; Blackwell v. The State, 30 Texas Ct. App., 416. The remark of the court, that he " would admit the testimony, but did not see its relevancy," was improper. Code Crim. Proc., art. 729; Wilson v. The State, 17 Texas Ct. App., 525. It practically amounted to the exclusion of the very testimony he allowed to go to the jury; but, to entitle the defendant to a reversal, it must appear that it operated to the prejudice of the defendant. Rodriguez v. v. The State, 23 Texas Ct. App., 507.

In the case at bar the guilt of the defendant was directly testified to by the assaulted party, and deliberately confessed by defendant, and conceded by counsel in his able argument. But it is insisted that, while defendant deserved punishment for the offense, yet the jury should have been allowed to consider his good character as a law abiding citizen, not as an excuse, but in mitigation of the punishment. It is certainly difficult to see the force of this position in this kind of a case. Even if we admit that " a law abiding, peaceable citizen" is necessarily a pure and moral man, we certainly can not assent to the proposition that he is therefore entitled to greater immunity than one of more questionable character in taking liberties with another man's wife.

But it is said the evidence fails to show any injury to Mrs. Miller, and article 485, Penal Code, was erroneously charged by the court in this case, because it assumes that there was injury, and suggested grounds to the jury for convicting the defendant, for which there was no evidence. It is true, Mrs. Miller did not testify to any " sense of shame or other dis-

agreeable emotions of the mind'' that an honest wife would naturally feel at the unwarranted act done to her person; yet defendant's own declarations as to her virtue and high character, his confession that he " had erred and played the fool,'' and the wife's speedy complaint to her husband of the gross insult that had been offered to her, leave no doubt as to the propriety of the charge, and justify the verdict of guilty.

But counsel insists that the punishment is excessive. The facts are few: Defendant spends the night at his neighbor's house. In the humble cottage both room and bedding are scarce. The wife gives up her bed to the husband and the guest, and sleeps with her little children on a pallet on the floor. At early dawn the husband goes out to feed the stock, trusting to the honor of his guest and security of his home. Shortly after he leaves, defendant is stooping by the pallet of the sleeping wife, with his hand in lascivious touch upon her person. Roused from her slumbers, she looks up, thinking it was her husband, and sees the defendant squatting, undressed, by her side. She sits up, and defendant retires. He leaves the house after breakfast, and immediately she complains to her husband, who follows defendant. To the husband, in the presence of others, he confesses the act, and admits it was without the slightest provocation; that in return for hospitality and courtesy an insult, gross and inexcusable, was given. The jury promptly responded in a fine of $300 and six months imprisonment in the county jail. The lesson is severe, but deserved, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.