## J. M. HILL v. THE STATE.

*No. 426.    Decided February 3rd, 1897.*

*Motion for Rehearing Decided March 10th, 1897.*

1. **Aggravated Assault by an Adult Male Upon a Female—Charge of Court.**

On a trial for aggravated assault by an adult male upon a female, where the evidence was, that defendant caught a little girl, about eight years old, held her between his legs with his pants unbuttoned and his penis out and made improper proposals to her; that she tried to get loose and told him to let her go.    Held: It was not error for the court, after charging the jury that they must believe that defendant intended to injure the girl, to further instruct them in the very language of the statute, Penal Code, Art. 588, that, "where an injury is caused by violence to the person, the intent to injure is presumed; and it rest upon the person inflicting the injury to show the accident or innocent intention.    The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind."

2. **Same—Allegation and Proof.**

It is admissible to prove the age of the female, under the allegations of an indictment charging an aggravated assault by an adult male upon a female, though nothing be alleged as to her age.

ON MOTION FOR REHEARING.

3. **Same—Indecent Familiarity With Female of Tender Years—Charge.**

On a trial for aggravated assault by an adult male upon a female, where the evidence showed the female to be a child about eight years of age; and the court instructed the jury, that, if defendant committed the assault "by making use of any violent or indecent familiarity towards or upon her, with intent to injure her: or, he indecently or violently fondled her person with intent to injure her, then you must find the defendant guilty," and it was objected, that the charge was erroneous because, before such act could constitute an assault, it must be proved to have been without her consent and against her will.    Held: The apparent consent of a child of very tender years too immature to consent, will not necessarily be an answer to a charge of an assault.    Such an act, committed upon a child of such tender years, is criminal whether with or without her consent.    Legally she has no will to resist or consent.    There may be actual submission of a child without constituting legal consent.    The charge of the court was correct under the facts of the case.

APPEAL from the County Court of Donley.    Tried below before Hon. B. H. WHITE, County Judge.

Appeal from a conviction for aggravated assault by an adult male upon a female; penalty, a fine of $25.

The case is sufficiently stated in the opinion.

*Browning & Madden,* for appellant.—In the fifth paragraph of his charge the court says to the jury:    "You are charged that, if you be-

lieve from the evidence, defendant did, in Donley County, Texas, on or about the 3rd day of July, 1893, upon the person of Maggie Walsh commit an assault by making use of any violence or indecent familiarity towards or upon her with intent to injure her, or that he indecently and violently fondled and handled her person with intent to injure her, then you must find him guilty." To this charge appellant excepted, upon the ground that it instructed the jury to find him guilty in case he made use of any violent or indecent familiarity towards or upon the person of Maggie Walsh, and did not direct the jury that the same would have to be done without her consent, or against her will; and because said charge is not the law applicable to the facts of this case, in that the fondling or handling of a female to be an aggravated assault must be an indecent or violent handling of her person, and against her will, with the intent to do her injury. This is made appellant's third assignment of error. Following this appellant requested the court to charge the jury that, "It is not enough that the defendant handled Maggie Walsh against her consent, but you must find and believe from the evidence, beyond a reasonable doubt, that he violently and indecently handled or fondled her, against her consent, with the intent to injure her, before you are authorized to find the defendant guilty; and if you do not so find and believe, you will acquit the defendant," which charge was refused. To this action of the court appellant took his bill of exceptions and makes this his fourth assignment of error. We understand that violent and indecent familiarity with the person of a female without her consent, and without the specific intent to rape, but with the intent thereby to overcome the virtuous intentions of the assaulted female and induce her to submit without force against her original will to his carnal knowledge, by an adult male person, is an aggravated assault. Robertson v. State, 30 Tex. Crim. App., 498; Veal v. State, 8 Tex. Crim. App., 476; Sanford v. State, 12 Tex. Crim. App., 196; Ridout v. State, 6 Tex. Crim. App., 249; Pefferling v. State, 40 Texas, 486. It is an essential part of this offense that the assault is made without the consent and against the will of the assaulted female, and it would seem that where, as in this case, the court refuses so to charge the jury, the indictment fails to allege so, and the evidence barely hints by inference, that there was a want of consent by the female, this court must refuse to sustain the conviction.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25, and he appeals. The evidence on the part of the State shows that defendant was an adult male, and that, on or about the date alleged in the indictment, Maggie Walsh, a little girl about eight years of age, came into his shop. No one was present at the time, and she states that "he went around behind the red thing that was in the shop, and sat down on a box, and

caught me, and held me between his legs.    He had his penis out, and I saw it.  I tried to get loose and told him to let me go.  He held me there about five minutes, and let me loose.    My back was to him.    His pants were unbuttoned, and his penis was out, and hanging down, and he said: 'I have shown you mine; now show me yours.'    He gave me an orange and a nickel, and told me not to tell anybody about it." On cross-examination she said:  "When defendant caught me, I was standing around behind that red thing.  He was sitting on a box.  He just caught me, and pulled me down—caught me with his hands.  He held me with his hands around me.  While he held me, I was standing between his legs.  He never said anything while he was holding me. When I got loose, I turned around, and saw his pants unbuttoned, and his penis hanging down, and he then said: 'I have showed you mine; now show me yours.'  While he held me, he did not try to lift my clothes. He did not touch my privates. He did not put his hands on my legs; he only held me."  This was all the testimony on the part of the State as to the act upon which this prosecution was based.  The defendant, by his evidence, denied that anything of the kind as stated by the prosecutrix occurred.    The court instructed the jury as follows:  "You are further instructed that, when an injury is caused by violence to the person, the intent to injure is presumed, and it rests upon the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind."    Appellant objected to this charge, as stated by him, "because the evidence did not warrant the charge, there being no evidence to show any injury to the person of Maggie Walsh by the defendant, either by bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind, and because it was calculated to make the impression on the jury that there had been an injury inflicted, and was calculated to lead the jury to believe that it devolved upon the defendant to show an accident or innocent intent, when in fact no injury had been committed requiring such showing on his part."    This charge was given in connection with the main charge, defining an assault, and is in the very language of the statute (Penal Code, Art. 588) and, when considered in connection with the main charge, was not calculated to mislead the jury, because the court required the jury to find beyond a reasonable doubt that the accused intended to injure the prosecutrix.    The language of the charge is as follows:  "You are charged that if you believe from the evidence that the defendant did  *  *  *  upon the person of Maggie Walsh commit an assault, by making use of any violent or indecent familiarity towards or upon her, with intent to injure her, or that he indecently and violently fondled and handled her person with intent to injure her, then you must find him guilty; and, on the other hand, if you do not so find and believe, you will acquit him." We think there is enough in this case to show that the assaulted party, the little girl, Maggie Walsh, was held by the defendant against her

consent. In her testimony she speaks of him "holding" her. Now, she does not say in so many words that she did not give her consent. Still, she states that she tried to get loose; that she told him to let her go. It is not claimed that he had any right to constrain or hold her against her will. The circumstance, the exhibition of his person, his remarks—all show that his acts were calculated to produce a sense of shame or other disagreeable emotion of the mind in a person of even the tender years of Maggie Walsh. While she does not state that this was the effect, her conduct, as testified to by herself, indicates this. He gave her an orange and a nickel and told her not to tell anybody about it. This was an attempt on the part of a grown man to tamper with, pervert and degrade a little girl; and, in our opinion, it was an assault committed against her will, and under circumstances which produced in her a sense of constraint and shame. The court did not err in giving the charge in question. The remarks heretofore made apply to the defendant's second bill of exceptions, and also to the refusal of the court to give appellant's requested charge. Although the defendant denied the assault, the jury believed the statement of Maggie Walsh, and found the defendant guilty; and we see no reason for disturbing their verdict. The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and appealed; and at a former day of this court the judgment was affirmed. Appellant now brings the case before us on motion for rehearing, and suggests that this court overlooked his second and third bills of exceptions. The portion of the charge of the court involved in the second bill of exceptions is as follows: "You are charged that if you believe from the evidence that the defendant did, in Donley County, Texas, on or about the 3d day of July, 1893, on the person of Maggie Walsh commit an assault, by making use of any violent or indecent familiarity towards or upon her, with intent to injure her, or he indecently or violently fondled her person, with intent to injure her, then you must find defendant guilty." In this connection appellant requested the following charge: "It is not enough that defendant handled Maggie Walsh against her consent, but you must find and believe from the evidence, beyond a reasonable doubt, that he violently and indecently handled or fondled her against her consent, with the intent to injure her, before you are authorized to find defendant guilty; and, if you do not so find and believe, you will acquit the defendant." Appellant insists that if an adult male violently or indecently handles or fondles the person of a female, with her consent, with the purpose of having carnal intercourse with her, he does not commit an indecent or aggravated assault, and that the effect of the instruction of the court was to tell the jury that such was an assault; that before such acts of violent or in-

decent handling of the person of a female, with intent to have carnal intercourse with her, can be an assault, it must be proved to have been without her consent and against her will.   And he insists that the proof in this case clearly raised the question, as there was no positive evidence that the alleged assaulted female did not consent to the acts of fondling committed by the defendant; that there was proof tending to show that she was consenting to his acts; and that the court should not have given the charge in question, but should have given the charge as presented by the defendant.   The indictment in this case charges that the defendant was an adult male, and that he committed an assault upon Maggie Walsh, who was then and there a female, saying nothing as to her age.   We do not understand appellant in this case to controvert the proposition that the State could make proof that the alleged injured female was of tender years, although no such allegation was contained in the indictment; but we do understand him to urge that notwithstanding this, and no matter of how tender years the prosecutrix was, she was capable of consenting to the acts of appellant, and consequently there could be no offense committed by him upon her, she consenting to such acts.   We do not believe that such is the rule.   Mr. Bishop, in speaking on this question of consent as applied to rape, uses this language:   "If in this case consent is obtained by fraud, or if the person, from tender years or other cause, is incapable of consenting, or if, without absolute fraud or actual incapacity, the will is overpowered, etc., the law deems there was no consent."   See, 1 Bishop's New Crim. Law, § 261.   And again, in speaking on the question of assault, and the effect of consent and the force used, we make the following citations:   "The apparent consent of a child of very tender years, too immature to consent, will not necessarily be an answer to a charge of an assault. Overpowering the will of the injured person does not avail the other, and in some circumstances slight acts will be sufficient proof to deem that it was overpowered.   If a schoolmaster take indecent liberties with a female pupil, who does not resist, her tender years and relative subjection to him may justify a jury heeding her testimony that what was done was really against her wishes, in pronouncing him guilty."   See, 2 Bishop's New Crim. Law, §§ 35, 36.   In Oliver v. State, 45 N. J. Law, 46, this question is discussed.   We quote therefrom as follows:   "By the fifth request, the court was asked to charge that, in order to convict, under the count for assault, the evidence must satisfy the jury that the accused committed the alleged indecent act against the will of the child."   This the court refused to charge, and in such refusal there was no error.   An act such as charged in that count, committed upon a child of such tender years, is criminal, whether with or without her consent.   Legally, she has no will to resist or consent.   There may be actual submission of a child, without constituting legal consent.   Reg v. Day, 9 Car. & P., 722.   That case applies directly to the question now before the court.   Counsel for the prisoner in that case contended that, the count being for assault, consent or non-consent on the part of the girl,

although she was of tender years, was material; and that, as she offered no resistance, but submitted quietly, it must be taken that she was consenting to the act; and that the prisoner should be acquitted. But the court refused so to charge, and said that the mere submission of a child when in the power of a strong man, and most probably acted upon by fear, can by no means be taken to be such consent as will justify the person in point of law." The charge above asked and refused was upon a count charging the defendant with an indecent assault. It is not controverted that it was admissible to show, under the allegations of the indictment charging an aggravated assault by an adult male upon a female, that the age of the female could be shown. This was shown, and the testimony is not gainsaid that she was only eight years old. The acts proved, as said in the previous opinion, showed an indecent handling and fondling by appellant of said female. The little girl was the only witness introduced on this branch of the case, and her testimony suggests not only an indecent fondling, but, it occurs to us, was entirely against her will and consent. Appellant does not testify on this point at all; he directly denies the entire transaction, stating that nothing of the kind occurred. But, even if it be conceded that there was testimony pro and con, some presenting the idea that she consented, and some that she did not consent, yet we hold that, in the face of the proof that she was eight years old, she was of such tender years as that she could not consent— that is, that she was of such tender years as that she could not consent to the indecent handling of her person by appellant; and that, consequently the court did not err in submitting to the jury that portion of the charge complained of, and in refusing to give the requested instructions of the defendant on this subject. The motion for rehearing is overruled.

*Overruled.*