### P. R. STRIPLING V. THE STATE.

No. 2733.   Decided April 13, 1904.

**1.—Information—Aggravated Assault—Approved Form.**

Where the complaint and information for an aggravated assault follow the approved form, they are sufficient.

**2.—Evidence—Age of Female.**

Where appellant is charged with making an assault upon a female, the age of the female is admissible in evidence, to throw light upon the transaction.

**3.—Judge—Remarks.**

In the absence of a showing in what way the remarks of the trial judge could or did injure appellant, they can not be reviewed.

**4.—Same.**

An admonition by the court for the attorneys to adhere to the rules of evidence is not improper.

**5.—Evidence—Married Man—Punishment.**

Testimony in a case of aggravated assault upon a female that defendant was a married man at the time was not admissible, but owing to the fact that he received the lowest punishment was not reversible error.

**6.—Charge of the Court—Intent to Injure.**

Where defendant was charged with an assault upon a female and the evidence of the State showed that he put his arm around and attempted to embrace the prosecutrix without her consent, it was not error to charge the language of the statute that where an injury is actually caused by violence to the person or the feelings of a person, the intent to injure is presumed, etc., and does not withhold the fact whether an injury was actually committed from the jury. Overruling Floyd v. State, 29 Texas Crim. App., 341. Approving Young v. State, 31 Texas Crim. Rep., 24.

**7.—Same—Issue of Consent.**

In a case of aggravated assault by an adult male upon a female where the issue arose from the evidence whether the defendant attempted to embrace the prosecutrix with, or without her consent, or with evil intent, the court should have submitted this issue to the jury in an appropriate charge applicable to the facts in evidence.

**8.—Same—Venue.**

Where the evidence raised the issue of venue, the court should have given a requested charge of this phase of the case.

Appeal from the County Court of Falls.   Tried below before Hon. W. E. Hunnicutt.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*L. W. Stanley, Lewellyn & Connally,* and *Rice & Bartlett,* for appellant.—On question of sufficiency of information: Willson's Crim. Forms. No. 345, pp. 156–7.   On question of age of female:  Smith v.

State, 68 S. W. Rep., 995. On question of remarks by Judge: Willson's C. C. P., art. 767; Rodriguez v. State, 23 Texas Crim. App., 503. On question whether defendant was married: Smith v. State, 68 S. W. Rep., 995. On question of charge of the court on intent to injure: Floyd v. State, 29 Texas Crim. App., 341. On question of consent of prosecutrix and evil intent of defendant: Floyd v. State, supra.

*Howard Martin,* Assistant Attorney-General, for the State.—Young v. State, 31 Texas Crim. Rep., 24.

BROOKS, Judge.—Appellant was convicted of an aggravated assault, the fine assessed being $25. The charging part of the information is as follows: That appellant "did then and there unlawfully in and upon the person of Willie Glenn, commit an aggravated assault and battery, the said P. R. Stripling then and there being an adult male person, and the said Willie Glenn, a female," etc. The first ground of the motion for new trial insists that the complaint and information are insufficient to charge the offense of aggravated assault against defendant. The complaint and information are sufficient; they follow the approved form.

Appellant's second insistence is, that the court erred in permitting the State to prove the age of prosecutrix, because the same was prejudicial to defendant, and not an issue in the case, not relevant or material to any issue. Appellant was charged with making an assault upon a female, and the age of the female is admissible to throw light upon the transaction; the evidence showing that she was barely 14 years old.

Appellant further complains of the remark of the court in the presence and hearing of the jury, after the cross-examination of the witness Willie Glenn had concluded, "that in the future conduct of the case he desired the counsel for defendant to confine themselves to the rules of evidence." Appellant insists that this was calculated to injure the rights of defendant. It is not shown in what way it could or did injure him; and the admonition of the court for the attorneys to adhere to the rules of evidence is not improper.

Appellant complains that the State was permitted, over his objections, to prove that defendant was a married man at the time of the commission of the alleged offense, because the same was immaterial and irrelevant to any issue in the case, and was calculated to prejudice the minds of the jury against defendant. The proof in this case shows that defendant barely knew prosecutrix, and overtook prosecutrix and her sister riding in a buggy with one Trammel, going to a party. Upon the request of Trammel defendant proposed to take one of the girls in the buggy with him. Prosecutrix got in his buggy, and after riding a short distance with him, her testimony shows that he put his arm around her and embraced her or attempted to do so, which she resisted; and subsequently she got out of the buggy and got back in the buggy with Trammel and her sister. Defendant practically admits this statement, but insists he was merely jesting and joking with the girl; that his advances

were prompted by the conduct of the prosecutrix, who, he says, took his hat off and began to fan him, and did other indiscreet acts indicative on her part of a willingness to submit to improper familiarity on his part. To support appellant's contention he cites us to Smith v. State, 68 S. W. Rep., 995. That was a case where appellant Smith was being prosecuted for rape upon a girl under the age of consent, and the State was permitted to prove that defendant was a married man with two children. We there held that such testimony was not admissible on the theory that it would merely serve to aggravate the punishment of defendant. We do not see on what theory this testimony could be admitted in this case. However, appellant having received the lowest punishment for an aggravated assault, it does not constitute reversible error.

Appellant objects to the following portion of the court's charge: "Where an injury is actually caused by violence to the person or to the feelings of a person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotions of the mind." And following this paragraph is the following: "You are charged that if you believe from the evidence that the defendant, in the county of Falls, and State of Texas, did upon the person of Miss Willie Glenn commit an aggravated assault and battery, by making use of any violent or indecent familiarity towards or upon her, with intent to injure her, or that he indecently and violently placed his arms around her, and did make indecent proposals to and concerning her, with intent to injure her, then if you so believe, you will find him guilty. * * * On the other hand, if you do not so find and believe, you will acquit him." Appellant objects to the first charge quoted, because it assumes there was an injury to the person and to the mind of the prosecutrix, and does not leave this pivotal issue in the case to be passed upon by the jury. To support this contention he cites us to Floyd v. State, 29 Texas Crim. App., 341. We there held, as appellant insists, that said charge assumed the injury, which under the facts was not warranted, because the evidence renders it doubtful whether Miss Forehand's feelings were injured. Under the facts of this case the charge should have been that, if the jury believe from the evidence that the injury had been inflicted, then the presumptions obtained, and it rests with the accused to show accident or innocent intent. In the record now before us, there is no serious controversy as to the improper treatment by appellant of prosecutrix. Furthermore, in the light of the whole charge, we do not believe that the same was upon the weight of the evidence. In Young's case, 31 Texas Crim. Rep., 24, passing upon the statute above charged by the court, it clearly appears that we overruled the decision in Floyd's case, and used the following language:. "But it is said the evidence fails to show any injury to Mrs. Miller, and article 485, Penal Code, was erroneously charged by the court in this case, because it assumes that there was injury, and sug-

gests grounds to the jury for convicting defendant for which there was no evidence. It is true Mrs. Miller did not testify to any sense of shame or other disagreeable emotions of the mind that an honest wife would naturally feel at the unwarranted act done to her person. Yet defendant's own declaration as to her very high character, his confession that he erred and played the fool, and the wife's speedy complaint to her husband of the grossest insult that had been offered to her, leave no doubt as to the propriety of the charge." So it will be seen that the Young case holds it is not a charge on the weight of the evidence; nor do we think the language susceptible of that construction, since the first clause of the charge complained of says where an injury is actually caused. This is not a statement of the fact that injury had been caused in this case, but merely a statement to the jury that where or in case where injury is actually caused by violence; and we do not think it was amiss to give the statute in charge to the jury.

Appellant insists that the court erred in refusing the following instruction: "If you believe the defendant put his arm on the back of the buggy seat, and thereby touched the prosecutrix, Miss Willie Glenn; or if you believe that he took hold of her and endeavored to embrace her, but did so with no intention of injuring her or her feelings, and had probable ground to believe and did believe that such touching or taking hold of her, if any, or such attempt to embrace her, if any, would not be objected to by her, or would not be offensive to her, or hurt her feelings, then he would not be guilty of any offense, and you will acquit. And in passing upon this issue, you will look to all the facts and circumstances in evidence and the conduct of the parties, both before and after the commission of the alleged offense; and if you have a reasonable doubt of the defendant's guilt, or of his intent to injure the prosecuting witness, you will find him not guilty." The court should have given this charge. The case of Chambless v. State, decided March 23, 1904, in many of its phases is like this case. We there held that the court should charge in effect that if defendant tried to kiss Rosa Singleton, but did so with no intent to injure her or her feelings, and had probable grounds to believe and did believe that said trying to kiss her would not be objectionable to her, or would not be offensive to her feelings, then he would not be guilty of any offense. As we understand the charge asked by appellant in this case, it is practically the same as in the Chambless case. See also Floyd's case, supra.

Appellant further insists that the court erred in failing to charge the jury that if they believed from the evidence that the offense charged against defendant did not occur in Falls County, or if they had a reasonable doubt thereof, they would acquit. This charge was refused. The evidence raised the issue suggested by the charge, and the court should have given it.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*