## J. T. Tubbs v. The State.

### No. 3284. Decided May 30, 1906.

**1.—Aggravated Assault—Charge of the Court—Intent Presumed.**

Where upon trial for aggravated assault the evidence showed that no· physical injury was inflicted, but that the defendant pulled his gun and cocked both barrels as prosecutor started towards him, and that the latter then ran; that defendant could have shot prosecutor but did not do so, it was error to instruct the jury under article 588, Penal Code, that when the injury is inflicted intent to injure is presumed, etc.

**2.—Same—Evidence—Custom—Persons Meeting in Road—Right of Way.**

Upon a trial for aggravated assault, where the evidence showed that the parties met in the road and neither gave the road, and an altercation ensued it was error to admit evidence of custom that where parties driving wagons met in the road each would give half the road, and where one wagon was loaded and the other was not, that the loaded wagon should have the right of way; especially where the defendant stated that he could not see whether the prosecutor had a loaded wagon.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. W. Warren.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Main & Chesley,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an aggravated. assault, and his punishment assessed at a fine of $25.

The facts briefly stated show that ill will existed between prosecutor and appellant who were near neighbors. On the occasion in question they met in the road, each driving a two-horse wagon. Neither gave the road. The result was they came together, one being directly in front of the other. According to the State's testimony appellant asked prosecutor, "What do you mean?" And prosecutor said, "What do you mean?" Prosecutor told appellant he was loaded, whereupon appellant said it was a good place to settle their troubles—told prosecutor he had called him a liar, thief and rogue, and he had to take it back. This prosecutor declined to do. Both parties got out of their wagons.

Defendant reached into his wagon, took out a double-barrel shotgun, unbreached and loaded it, and then said, "You son-of-à-bitch, if you don't take back what you said, I will kill you," and then raised his gun to his shoulder, pointed it towards prosecutor, who ran off into his pasture seventy-five or one hundred yards from the wagon. Appellant testified as did prosecutor up to the time when prosecutor told him his wagon was loaded, then appellant said, he could not see in his wagon—could not tell whether it was loaded or not. He thereupon told prosecutor he wanted him to take back the way he had abused him once before. Prosecutor said he would not do it; that appellant did steal his cane. Appellant then got out of his wagon, began unhitching his team, saying he could camp there as long as prosecutor could. Prosecutor got out, and started toward appellant, and appellant pulled his gun on him, and cocked both barrels. Prosecutor then ran; that he could have shot prosecutor, having a clear view of him, but did not. This is a sufficient statement of the case to discuss the propositions.

Appellant complains of the following portion of the court's charge: "The injury intended may be bodily pain or any disagreeable emotion of the mind, but when injury is shown the intent is presumed, and it then rests with the defendant to show the accident or innocent intention, or that it was done in his own necessary self-defense; and further that, where no injury is shown, intent to injure must be proved as any other fact, but it may be shown by circumstances; and in this connection you should consider all the facts and circumstances before you in evidence."

In some cases it has been held that although there is no evidence of actual physical violence, it is not error to charge, article 588, Penal Code, yet all of these cases seem to be assaults of an indecent character by an adult male upon a female. See Young v. State, 31 Texas Crim. Rep., 24; Hill v. State, 37 Texas Crim. Rep., 279, 38 S. W. Rep., 987; Stripling v. State, 10 Texas Ct. Rep., 322; Floyd v. State, 29 Texas Crim. App., 345. In the latter case, however, it is said that this charge is abstractly correct, but it assumes the injury when under the facts of that case such charge is not warranted, because the evidence renders it doubtful whether the female's feelings were injured. It was stated that under the facts the charge should have been, "If the jury believe from the evidence that the injury had been inflicted, then the presumption obtained and it rests with the accused to show the accident or innocent intention." In other cases it is held that unless there was evidence of injury inflicted by physical violence, such a charge should not be given. Brown v. State, 60 S. W. Rep., 548; Thompson v. State, 89 S. W. Rep., 1081. In Ware v. State, 24 Texas Crim. App., 521, it was said that to constitute an assault and battery, unlawful violence must be had upon another; that such violence must be used with intent to injure the person upon whom it is inflicted. The intent to injury will be presumed when the injury has been inflicted, but when

no injury has been inflicted no such presumption will obtain and the intent must be proved. To support the doctrine announced by the cases above cited, it may be that in an assault on a female the circumstances showing injury to her feelings, the court will be authorized in such case to charge the statute. But where there is any question as to appellant's intent to injure, as if the testimony shows some acquiescence on her part or there is some question as to the sense of shame produced on the female, in all such cases the court should be very careful not to charge the jury that the intent to injure will be presumed. On the other hand where some physical injury is inflicted, and there is no controversy as to this, the court may with propriety instruct the jury under article 588. In this particular case no physical injury was inflicted. Appellant claims he was attacked, and drew his gun to repel the attack, and could have shot his adversary, when he fled, but did not do so. In such case it was not proper to instruct the jury as was done, that when the injury is inflicted intent to injure is presumed, and it rests with the defendant to show that the same was done in his own necessary self-defense. The charge was calculated in the minds of the jury to shift the burden of proof, and place the onus on appellant to show that he did not intend to injure prosecutor, when in fact no injury was shown: this being the very issue in the case.

Nor do we believe the court was authorized to admit against appellant evidence of custom, that where parties driving wagons met in the road each would give half of the road, and where one wagon was loaded and the other not loaded, that the loaded wagon should have the right of way. The facts further show that appellant stated at the time that he could not see that the other man had a loaded wagon. So the evidence of custom, even if in some cases it might have a bearing, had none in this case.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.