## W. D. ACREY v. THE STATE.

No. 3886. Decided February 20, 1907.

**Simple Assault—Accidental Injury—Statutes Construed—Charge of Court.**

Where upon trial for aggravated assault, the defendant was convicted of simple assault, and where the defendant claimed under the evidence that he did not intend to injure but accidentally cut the prosecuting witness, it was error to give in charge article 588, Penal Code, that if the injury was inflicted then the presumption was that the defendant intended it and it rested with him to show accident or innocent intention, etc., as this destroyed the defense. Henderson, Judge, dissenting.

Appeal from the County Court of Baylor. Tried below before the Hon. B. M. Britain.

Appeal from a conviction of simple assault; penalty, a fine of $25. The opinion states the case.

*Glasgow & Kenan,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of simple assault, and his punishment assessed at a fine of $25. Appellant insists that the court erred in giving the following charge: "The defendant has introduced testimony in this case to show that the offense, if any, was not unlawfully committed, but was accidentally or innocently committed, that is, unintentional. You are charged if you believe from the evidence that an injury was inflicted, then the presumption that the defendant intended it obtains, and it rests with the accused to show accident or innocent intention, and if he has so shown to the satisfaction of your minds that the injury inflicted, if any injury was inflicted, was not unlawfully inflicted, but was accidentally or innocently inflicted, then you should acquit the defendant." Appellant objects to said charge for the reason that same places upon defendant the burden

of proof to show to the satisfaction of the jury that the cutting was accidentally done, and destroys the presumption of innocence that prevails in his behalf. The evidence in this case shows that appellant insists that the cutting was done accidentally. We think the objections are well taken, and the charge should not have been given. Articles 51 and 588, Penal Code, which were practically given in the charge of the court, ought very seldom to be given in a charge to the jury, and certainly not in a case where appellant claims an accidental injury, as in this instance. If appellant did not intend to injure but accidentally cut the prosecuting witness—for the court to tell the jury that the law presumes he intended to cut him, from the fact that he did cut him, destroys in toto his defense, to which defense, like all defenses, appellant is entitled to the reasonable doubt thereof; but here we have the court telling the jury, in substance, that appellant's defense is presumed in law to be false, since he tells the jury that if appellant cut the prosecuting witness, that the law presumes he intended to cut him. Various decisions of this court have disapproved this charge, among the early ones, being Jones v. State, 13 Texas Crim. App., 14, and Leache v. State, 22 Texas Crim. App., 315; Floyd v. State, 29 Texas Crim. App., 341; White's Penal Code, sec. 969. For the error of the court pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HENDERSON, Judge (dissenting).—The majority of the court hold that article 588 of the Penal Code should not have been given in the charge to the jury in this case. I dissent from that view.

The charge in the information was aggravated assault, the allegation being that appellant cut prosecutor with a knife, which was a deadly weapon. The conviction was for a simple assault and the lowest fine. The proof on the part of the State showed that prosecutor and appellant engaged in a difficulty, and in the struggle appellant cut prosecutor with a pocket knife in two places, one on the face below the temple and between the eye and the ear on the right side, and the other on the right wrist on the inside near the pulse. The wounds were about an inch in length and bled profusely. The knife was an ordinary pocket knife with a blade about two and a half inches long.

Appellant set up as defense that the wound was accidentally inflicted, and introduced some proof on this issue. The court, among other things, instructed the jury under article 588, Penal Code, as follows: "You are charged that if you believe from the evidence that an injury was inflicted, then the presumption that the defendant intended it obtains, and it rests with the accused to show accident or innocent intention, and if he has so shown to the satisfaction of your minds that the injury inflicted, if any injury was inflicted, was not unlawfully inflicted, but was accidentally or innocently inflicted, then

you should acquit the defendant." The court also charged before they could convict appellant they must find that he made an unlawful assault on prosecutor, and instructed them if they had a reasonable doubt of appellant's guilt to acquit him. The case is reversed alone on the proposition that the court improperly gave this charge, and among other things, it is said that such a charge "ought very seldom to be given in a charge to the jury, and certainly not in a case where appellant claims an accidental injury, as in this instance." It occurs to me that this is the character of case referred to in the statute above cited. The defense set up was an affirmative and independent defense and did not arise out of the State's case. The physical injury was proven, and appellant interposed and relied on an accidental cutting. This question has been before this court a number of times and, as I understand the authorities, no question is made that this article 588 is authorized to be given in this character of case. It is only in cases where the accident or innocent intention may arise out of the State's case, or in cases where no physical injury has been proven, that it is held this article should not be given. For instance, there are a number of cases where a conviction was for an indecent assault and no physical injury was shown, and it was an issue whether or not there was an injury to the feelings of the female. In such case it is held that this charge should not be given, but as far as I am advised invariably where an actual physical injury is shown and where the defendant sets up an affirmative defense of accident or innocent intention, it is not error to give this charge; to hold otherwise would be to judicially annul this statute and set up our will for that of the Legislature, which has made this the law. For a discussion of this question and collation of authorities, see Tubbs v. State, 95 S. W. Rep., 112.