### Chris Weaver v. State.

#### No. 1747.   Decided May 1, 1912.

**Aggravated Assault—Intent—Charge of Court.**

Where, upon trial of aggravated assault, the evidence raised the issue that defendant did not intend to injure the prosecutrix, but believed his attempt to kiss and embrace her would be agreeable, the court should have submitted this issue, the same being set out in a special instruction. Following Stripling v. State, 47 Texas Crim. Rep., 120, and other cases.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for making an assault on Anna Oakley, and his punishment assessed at a fine of $25.

The facts would show that Anna Oakley and her sister-in-law, Tukey Oakley, went into the store of appellant in the town of Cooper, and made a purchase from appellant's wife, and appellant's wife turned and said, "Chris, don't she look good," to which Chris replied, "She sho do," it appearing that the prosecuting witness had on a new dress. Appellant's wife said, "Kiss her Chris," when appellant caught hold of Anna, pulled her to him across the counter and kissed her. The State's witnesses all say that this offended and made very angry the prosecuting witness, the prosecuting witness saying to appellant, "You are going to get into trouble over this," to which appellant replied, "I am hunting trouble." The prosecuting witness says she resisted and did all she could to prevent him from kissing her; and that she had never been on intimate terms with appellant prior to this time.

Appellant testified, admitting he kissed the prosecuting witness, saying he did not think she would care. He says he had known her all her life and thought no more of kissing her than he would one of his own kinfolks, and claims that the prosecuting witness was laughing at the time he kissed her. He stated he had never kissed her before, but had had his arms around her waist when Alline Walker was present. Alline Walker testified and denied that appellant ever in her presence had his arms around the waist of prosecuting witness. Appellant denied that he told her husband shortly afterwards, when her husband went to see him about it, that if he would bring her back there he would take her out of his arms and kiss her before his face, but says he told him that he did not intend to injure his wife, and he should have thought nothing of it as he had known her all his life. Buster Oakley testified that he went to see appellant, and told him he did not want him to kiss his wife any more, when appellant replied that if he would bring her back there he would take her out of his arms and kiss her before his face. That appellant was a large man, weighing in the neighboorhood of 185 to 200 pounds, while he weighed only 140 pounds.

Appellant is supported by his wife and another witness as to the facts occurring at the time the kissing occurred, Hannah Pool testifying: "Chis' wife said, 'Kiss her Chris,' when Chris caught her by the sleeve and pulled her towards him and kissed her on the cheek. She was laughing at the time he kissed her, and every one treated it as a joke, and I heard Chris tell her husband he did not intend to injure the girl."

It appears to be the rule in this State that if the issue is raised by the testimony, it is error to refuse to charge that if defendant did not intend to injure but thought his attempts to embrace or kiss prosecutrix would be agreeable, he should be acquitted. (Kearse v.

State, 88 S. W. Rep., 363; Chambless v. State, 46 Texas Crim. Rep., 1; Stripling v. State, 47 Texas Crim. Rep., 117; Brown v. State, 42 Texas Crim. Rep., 147.) In this case the defendant by his testimony and the testimony of his witnesses raises the issue of innocent intention, and he thought the prosecuting witness would not object, and that she did not object at the time, but that she became angry subsequent to leaving the store. Appellant requested a special charge on this theory, which was refused by the court, to which action of the court a bill of exceptions was reserved at the time. Appellant's defense was not presented in the court's charge, and because of the refusal of the court to give the special charge requested, we are of opinion this case ought to be reversed and remanded.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*