R. O. FOWLER v. THE STATE.

No. 12700. Delivered November 13, 1929.

The opinion states the case.

*Lockhart, Garrard & Brown* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is simple assault; the punishment a fine of five dollars.

It is charged in the complaint and information that appellant committed an aggravated assault upon the injured party "with a rifle, the same then and there being a deadly weapon." The court submitted simple assault and also gave a definition of assault committed by the use of a dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, under circumstances calculated to effect that object.

Appellant offered no testimony. The state relied entirely upon the testimony of the injured party. We quote his testimony as follows:

"My name is A. R. Tyler. I live in Lynn County, Texas. On the 1st of July, 1928, I went to the place where the defendant R. O. Fowler lived about noon. I went to see why his children were not working on my place, and at that time we had a difference, and I told him I was going to put some Mexicans over there. Later in the evening, about four o'clock, I started out in the field where Fowler was plowing, and when I got in about seventy yards of him he got off his cultivator and loaded his rifle and pointed it at me, and hollered something at me. I didn't understand what he said, and I turned around and went back. That was in Lynn County, State of Texas. Fowler was working this place for me on the halves. The land belonged to me and Fowler was living on it. He didn't shoot at me. I told him when I went there at noon that I would have to have the stove he was using for these Mexicans I was going to put in there to hoe that crop out. I did get the Mexicans and put in there and they hoed the crop out. I filed this complaint that evening before any civil suit was filed by Fowler against me. The reason I turned around and went back, I didn't have anything, and I saw I was at a disadvantage."

The court charged the provisions of Art. 1139, P. C. as follows:

"When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show innocent intention." This charge was properly and timely excepted to. No physical injury was inflicted. Hence the charge was improper. It was calculated to shift the burden of proof and place the onus on appellant to show that he did not intend

to injure the prosecuting witness, when in fact no injury was shown. Tubbs v. State, 95 S. W. 112.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.