CLYDE C. SUITER v. THE STATE.

No. 13828. Delivered June 17, 1931.

The opinion states the case.

*Francis M. Chaney* and *Oren Parmeter,* both of Dallas, for appellant.

*Harry S. Pollard,* Assistant District Attorney, of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $250 and 180 days confinement in jail.

The state's testimony was to the effect that appellant took prosecutrix and another young woman to his room, where he photographed them in the nude. Prosecutrix testified that appellant induced her to drink some intoxicating liquor, and persuaded her, by making promise of employing her as a model, to remove all of her clothing. Several pictures of the two women were taken, they being nude at the time. It was the further version of prosecutrix that, while she was sitting on appellant's bed in a nude condition, he approached her and sat down by her; that after she had dressed appellant asked her to permit him to kiss her female organ; that she pushed appellant away; that he placed his hand on her at the time and shoved her down on the bed. After prosecutrix requested appellant to desist, he procured a cab, paid the fare and sent prosecutrix and her companion home, the time being two o'clock in the morning. On first being questioned by her mother, prosecutrix told a false story. Prosecutrix was seventeen years of age, and her companion somewhat older.

The court charged the provisions of article 1139, P. C., as follows:

"You are charged that when an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show accident or innocent intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotions of the mind."

Appellant timely and properly excepted to this charge. No physical injury was inflicted. It has been held in some cases that, although there is no evidence of actual physical violence, it is not error to charge the provisions of article 1139, supra. It appears that these cases were assaults of an indecent character by an adult male upon a female. See Young v. State, 31 Texas Crim. Rep., 24, 19 S. W., 431; Hill v. State, 37 Texas Crim. Rep., 279, 38 S. W., 987; Stripling v. State, 47 Texas Crim. Rep., 117, 80 S. W., 376; Floyd v. State, 29 Texas Crim. Rep., 341, 15 S. W., 819. In the latter case it was held that the charge should not have been given because the evidence rendered it doubtful whether the feelings

of the female were injured. It was suggested that the charge should have been that "if the jury believed from the evidence that an injury had been inflicted, then the presumption obtained, and it rested with the accused to show accident or innocent intention." In many cases when actual physical violence was relied upon, it has been held that unless there was evidence of injury inflicted by such violence the charge should not be given. Brown v. State, 42 Texas Crim. Rep., 417, 60 S. W., 548; Thompson v. State (Texas Crim. App.), 89 S. W., 1081; Fowler v. State, 113 Texas Crim. Rep., 407, 21 S. W. (2d) 672; Tubbs v. State, 50 Texas Crim. Rep., 143, 95 S. W., 112. It was said in Tubbs v. State, supra, in reviewing the authorities dealing with the propriety of giving the charge in question, that probably in an assault upon a female where the circumstances showed an injury to her feelings, the charge would be warranted, but that where there was any question as to appellant's intent to injure, the court should be very careful not to charge the jury that the intent to injure would be presumed. In other words, where the state relies upon an assault of an indecent character by an adult male upon a female, and the testimony shows some acquiescence on her part, or there is some question as to the sense of shame produced on the female, the charge shown by the record in the instant case should not be given. Again, when the state relies upon violence and no injury has been inflicted, the presumption mentioned in the statute will not obtain, and the charge should not be given. The information in the instant case charged an assault by an adult male upon a female. The jury may have concluded that it was doubtful, under the evidence, whether the female's feelings were injured. Under the facts disclosed by the record, we are constrained to hold that the giving of the charge constituted reversible error.

Appellant sought in a special charge properly and timely presented to have the jury instructed, in substance, that if he did not intend to injure prosecutrix, but had probable ground to believe that his attempts to become familiar with her were agreeable he should be acquitted. We quote from Weaver v. State, 66 Texas Crim. Rep., 366, 146 S. W., 927, 928, as follows: "It appears to be the rule in this state that, if the issue is raised by the testimony, it is error to refuse to charge that if defendant did not intend to injure, but thought his attempts to embrace or kiss prosecutrix would be agreeable, he should be acquitted. Kearse v. State .(Texas Crim. App.), 88 S. W., 364; Chambless v. State, 46 Texas Crim. Rep., 1, 79 S. W., 577; Stripling v. State, 47 Texas Crim. Rep., 120, 80 S. W., 376; Brown v. State, 42 Texas Crim. Rep., 417, 60 S. W., 548, 96 Am. St. Rep., 806."

In view of the evidence, we do not believe the court was warranted in declining to give the charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

16

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.