EDDIE STROUP v. THE STATE.

No. 14379. Delivered October 28 1931.

The opinion states the case.

*Robt. H. Hopkins,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is aggravated assault; penalty assessed at a fine of $200 and confinement in the county jail for one year.

Sam West, driving his automobile upon the street early in the night and having in his company Dick Watson and Miss Boyles, observed Monta Ball and Wannetta Harvey walking on the street. Miss Ball and Miss Harvey accepted the invitation of West to ride in the car. After driving around the city for a time the car was stopped at a drug store and at the invitation of West, the appellant (Eddie Stroup) got in the car. The parties drove into the country for some four or five miles and fell in with a couple (friends of West and his companion), who had stopped on the highway. After getting out of their automobile and walking on the road for a time the parties returned to the city and the prosecutrix (Monta Ball) and her companion (Miss Harvey) were driven to their respective places of abode at approximately ten o'clock at night.

That the appellant was guilty of any misconduct was controverted by his own testimony and that of his companions save the prosecutrix and Miss Harvey, whose testimony went no further than to state that the appellant put his arm around the prosecutrix. So far as the record shows, there is an absence of corroboration of the prosecutrix's testimony touching any complaint or manifestation of displeasure because of the conduct of the appellant. The prosecutrix testified that in getting into the car it was her intention to go to church, but there is an absence of testimony to any effort on her part to get out of the car at the drug store or elsewhere, where opportunity was afforded her. From her testimony we quote: "We were out there in the country about an hour and a half or two hours. He put his hands on me and his arms around me many times and I resisted him each time. He asked me to go with him to Dallas, or his apartment, or to Lake Dallas, and spend the night with him, and I refused to do so. His conduct humiliated me and caused me to feel a sense of shame.

In instructing the jury the court charged the substance of article 1139, P. C., 1925, which reads as follows: "When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent

intention. The injury intended may be either bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind."

Objection to the charge was made and properly presented, and it is thought that under the evidence before the jury, the court was in error in refusing to eliminate the paragraph of the charge mentioned. This view, we think, is supported by many precedents, namely: Brown v. State, 42 Texas Crim. Rep., 417, 60 S. W., 548; Fowler v. State, 113 Texas Crim. Rep., 407, 21 S. W. (2d) 672; Suiter v. State, 118 Texas Crim. Rep., 13, 40 S. W. (2d) 83, and numerous cases therein collated.

Upon another trial, in addition to eliminating the paragraph above mentioned, there should be an instruction to the jury, in substance, that if the appellant did not design to injure the prosecutrix but from her conduct he had reasonable ground to believe and did believe that his conduct was agreeable to her, there should be an acquittal. Among the cases in point are Kearse v. State (Texas Crim. App.), 88 S. W., 363; Brown v. State, 42 Texas Crim. Rep., 417, 60 S. W., 548; Mooring v. State, 90 Texas Crim. Rep., 129, 234 S. W., 70.

The ruling of the court denying a severance from Sam West, who was also under prosecution, is assailed, but a discussion of it is pretermitted further than to say that the application for a severance fails to comply with the governing statutes, namely, articles 651 and 652, C. C. P., 1925, in that there is no statement that the evidence of West was material to the defense of the appellant. See Hughes v. State, 115 Texas Crim. Rep., 345, 27 S. W. (2d) 815.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*