UiPSCOMB. .1.
The authority of the occupant to soli his improvement seems to be recognized by the article 2133 of the Digest, under the qualification, however, tiiat’tlie purchaser must actually settle upon and occupy the improvements, and “that the purchaser of such improvements shall be subject to the “same conditions, restrictions, and limitations as if the original settler liad “remained in possession.” It seems to have, been the intent of the law that the possession of the. improvement should he actual and continued. And hence it would follow that if there had been a voluntary abandonment of the *230 improvement by the settler ho would forfait all the pre-emptive privileges, and a sale made after such improvement would convey no right of preference to the purchaser. But a temporary absence on business or on a visit to friends and relatives would not constitute an abandonment and forfeiture of the possession. The record shows on the part of the settler a wish to sell his improvement, but discloses no determination to abandon without a sale. Such a presumption is repudiated by all of the evidence. The improvements made were large in proportion to the quantity of land claimed under the pre-emption law, aiid he had purchased it himself at a full if not a high, price, and lie had taken all the sleps required by law to have his right secured. He had caused the land to be. surveyed, and the field-notes to lie returned to the county surveyor and approved by him.
It is, however, alleged that the occupant liad forfeited his preference by not making the .affidavit required by article 2133 of the Digest on applying to the surveyor to survey the land. The law requires that this affidavit sliould he returned by the surveyor with the iield notes of the survey to the county surveyor, and that he sluill have the same recorded in the pre-emption book required by law to he kept by him.. The record does not show that the affidavit was proven to have been made or returned. It shows that a survey was made purporting to have been on the occupant’s claim for a pre-emption; that this survey was properly verified by the surveyor and returned to the office of the ■county surveyor and by him approved. The object of the affidavit was to give authority to the surveyor to survey a claim of this sort, because by the general law lie was forbidden to survey without a land certificate or warrant being filed with him; and it was an authority and protection to him. But we are not prepared to say that sliould lie neglect to return this affidavit to the county surveyor when lie returns his field-notes of the survey the occupant would forfeit his rights by such neglect. That the affidavit was a necessary predicate of the survey is clear, and if the fact of such affidavit not having been made was established it would destroy the validity of tlio survey; but we must presume, unless the presumption is negatived, that it was made; because without it the surveyor had no right to make the survey, and the county surveyor could not and would not have sanctioned the survey; and as the surveyor in verifying his survey alleges that it was made on the pre-emption claim of the occupant., we must presume that the application for the survey was supported by the ailidavit. The division of the county, and c'onsequently a division of the land district and the records of the surveyor’s office, may, too, account for the omission to show that the affidavit had been filed.
There is believed to be nothing in the error assigned, that the authority of Joel Alexander to make the sale for his father was not sufficiently authenticated, as neither the pre-emptionlaw nor the dignity of the right to be conveyed required that it should be by deed. It was only the occupant’s claim to (he improvement ; and a verbal sale to a purchaser who immediately becomes the actual occupant of the improvement was sufficient.
The appellant’s counsel did not seem to-rely upon this last assignment, as he suggested (and correctly too) that the main gr.ound was1 the abandonment of the improvements before the sale was made, which lias been already discussed.
We believe there is no error in the judgment of the court and it is affirmed.
Judgment affirmed.