## C. E. BROWN v. THE STATE.

### No. 2151.  Decided January 16, 1901.

**1.  De Facto Officer—Assault Upon.**

Article 601, subdivision 1, denouncing the offense of assaulting an officer in the discharge of his duty, is intended to embrace, and does embrace, de facto as well as de jure officers.

**2.  Same—What Constitutes.**

Where a person receives a valid appointment from the sheriff as his deputy, enters upon the discharge of his duties and has performed duties pertaining to his office under color of his appointment, this constitutes him a deputy sheriff de facto notwithstanding he has failed to comply with the statutory requirements of taking the oath of office and filing his commission for record.

**3.  Same—Charge of Court.**

On a trial for assaulting an officer in the discharge of his official duties, where the facts are made to appear as stated in paragraph 2, supra, the court may properly and correctly assume, in its charge to the jury, that the assaulted party was a de facto officer.

**4.  Assaults—Intent to Injure—Charge of Court.**

In prosecutions for assaults, the intent to injure is the gist of the offense, and where the violence used is of slight character, or there is any suggestion that it was unintentional or accidental, the court should give the jury a charge to the effect that such violence must have been with intent to injure.  See opinion for facts requiring such a charge.

APPEAL from the County Court of Collin.  Tried below before Hon. J. H. FAULKNER, County Judge.

Appeal from a conviction of aggravated assault upon an officer in the lawful discharge of his duties; penalty, a fine of $25.

The opinion states the case sufficiently.

*Davis & Wilcox* and *Garnett, Smith & Merritt,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25, and prosecutes this appeal.

The indictment charges the assault to have been committed by appellant on one A. T. Robertson, "an officer, to wit, a deputy sheriff of Collin County, Texas, and then and there in the lawful discharge of the duties of said office, and the said C. E. Brown then and there being informed and knowing that the said A. T. Robertson was then and there an officer discharging an official duty," etc.  The facts proven show that A. T. Robertson in January, 1899, received an appointment in writing as deputy sheriff from the sheriff of Collin County Texas, but it was not shown that the constitutional oath of office was taken by said Robertson, and it was not shown that he complied with article 4896 of the Revised Statutes, with regard to having his appointment recorded in the office of the county clerk.  The evidence further tends

to show that the alleged assault was committed by appellant on Robertson while said Robertson was arresting one Proffet for a breach of the peace, and while he had said Proffet and appellant in custody, having previously arrested appellant for interfering in the arrest of Proffet.

Appellant contends that subdivision 1, article 601, Penal Code, making an assault on an officer engaged in the discharge of his duty an offense, refers to officers de jure, and not de facto; and he objects to the testimony of the State introduced for the purpose of showing that Robertson was a de facto officer. He further objected to the charge of the court, which instructed the jury that Robertson was an officer, within the contemplation of the statute, insisting that inasmuch as the testimony did not show he was an officer de jure, but at the most only a de facto officer, this matter should be left to the jury, under appropriate instructions. We can not agree to either of these contentions. The cases of Alford v. State, 8 Texas Criminal Appeals, 545, and Blair v. State, 26 Texas Criminal Appeals, 393, which are relied upon by counsel, do not determine this question in favor of appellant. In Alford's case the character claimed by the officer was that of a deputy marshal of Fort Worth, or bailiff of the grand jury. The court say there is no such office as deputy marshal of a city or town, and the temporary office of bailiff of the grand jury expired when the grand jury was previously discharged, so that the claim of White, the deceased in that case, as an officer, to arrest appellant, could not be sustained. He was neither a de jure nor a de facto officer. Moreover, the decision appears to be based upon the illegality of the warrant. In Blair's case, appellant was charged with carrying a pistol, and attempted to justify as an officer. The proof shows that he formerly lived in Val Verde County; that some two years before he had an appointment from the sheriff of Val Verde County as a deputy sheriff or guard; that he was at the time of the alleged offense living in Kinney County, and had been employed seven or eight months prior to his arrest as a clerk in a mercantile establishment in the latter county. There was no claim here that he was ever an officer of Kinney County, either de jure or de facto, nor that he was in Kinney County in the discharge of any duty as a deputy sheriff of Val Verde County when he was carrying the pistol. In this case the court say. "Evidently appellant was not a deputy sheriff, and could claim no authority to carry a pistol by virtue of the paper introduced in evidence." As stated, neither of the cases is authority for the contention of appellant in this case. The decisions indicate that, before one can be a de facto officer, there must be some office which he could hold de jure. However, this is not a new question in this State. In Weatherford v. State, 31 Texas Criminal Reports, 530, which in its facts is much like the present case, the court, after discussing the authorities, expressly hold that a de facto officer was authorized to make an arrest and to summon a posse to aid him; that while so engaged such officer could not be held to act at his own peril or outside his duties because of a defective or non-record of

the officer's right or title to his office. And see Dane v. State, 36 Texas Crim. Rep., 84. The court, as stated above, instructed the jury that Robertson was an officer. Evidently he was not an officer de jure, because he was not shown to have taken the oath of office, and had not recorded his commission as deputy sheriff. Was he a de facto officer? A de facto officer has been defined to be one who comes in by the forms of an election or an appointment, and he thus acts under claim and color of right, but, in consequence of some informality, omission, or want of qualification, could not hold his office if his right was tried in a direct proceeding by an information in the nature of a quo warranto. See Ex Parte Strahl, 16 Ia., 369. And again: "A de facto officer is one who is in possession of an office and discharging its duties under color of authority, by which is meant authority derived from an election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer." State v. Oates, 86 Wis., 634, 57 N. W. Rep., 296. And for other definitions see 8 Am. and Eng. Enc. of Law, new ed., p. 781 et seq. In this case the officer, Robertson, had received a valid appointment from the sheriff of Collin County, the appointing power, but had failed to conform to the requirement of taking the oath and filing his commission for record. Moreover, he is shown to have entered upon the discharge of the duties of his office. The testimony shows that he had made one arrest, at least, prior to the one in which this case arose. The facts constituting him a de facto officer were not controverted. Could the court assume that he was such officer, or was it necessary that this question should have been submitted to the jury? This was not a case where the officer's authority was founded upon reputation alone, or where he was holding over after the expiration of his term, or where the officer was ineligible, or there was a want of power in the person appointing, or where the appointment was under an unconstitutional law. For aught that appears, the appointment was formal and regular in its terms, and he was acting at the time under color of appointment as a deputy sheriff. This does not appear to have been controverted, and we are of the opinion that the court correctly assumed he was a de facto officer.

It is also strenuously insisted by appellant that the court erred in failing to instruct the jury, as requested by him, that the acts of appellant must have indicated an intention to injure the assaulted party, Robertson, before they could find him guilty of an assault. We have examined the charge of the court, and it nowhere tells the jury that violence upon the person of another must be with intent to injure him, before such person can be guilty of an assault. There may be cases where the court would be relieved from a charge upon this issue—that is, where the proof showed an obvious injury to the person; for in such case the intent to injure might be presumed, and under the statute it would then rest with the person inflicting the injury to show the accident or innocent intention. But where the violence used is of a slight character, or there is any suggestion that it was unintentional

or accidental, the court should give the jury a charge to the effect that such violence must be with intent to injure. See Ware v. State, 24 Texas Crim. App., 521; McConnell v. State, 25 Texas Crim. App., 329; Floyd v. State, 29 Texas Crim. App., 341; Rutherford v. State, 13 Texas Crim. App., 92. As stated before, the violence here was of a slight character. If the conviction is to rest upon any actual violence, it was merely in pushing by appellant of the prosecutor, Robertson. Prosecutor says, "Defendant pushed me back, and was trying to get at the door, and drew back like he was going to strike me." On cross-examination he says, "Defendant did not strike me, nor attempt to strike me, but he drew back like he was going to strike me;" that, when he told defendant to stop, he said, "All right"—that he only wanted to get out to give bond. Appellant himself testified: That he tried to persuade Proffet to go with Robertson to the magistrate's office, and finally tried to take him there himself, but was unable to do so. He denies that while at the magistrate's office he pushed Robertson or attempted to strike him. That he did try to leave the office, and get Frank Douglas to go on his bond. That Robertson told him to stop, and he did so. That he did not, while on the street or in the magistrate's office, attempt to injure or hurt, or intend to injure or hurt, Robertson. Now, on this state of facts, we think it was the duty of the court to have given the instruction on the intent to injure, as requested by appellant; and for the failure to do so the judgment is reversed and the cause remanded.

*Reversed and remanded.*