### E. A. LEE v. THE STATE.

No. 3021. Decided February 22, 1905.

**1.—Aggravated Assault—Charge of Court—Intent to Injure.**

Where the evidence upon a conviction of aggravated assault showed indecent familiarities without violence of defendant towards a female, the court should have charged the jury that in order to constitute an assault of this character, the familiarities must be indecent and without the consent of the prosecutrix; that they must be under circumstances calculated to injure her feelings;

that defendant must have done the act against her will, or without reasonable grounds for believing that she assented thereto, and with intent to injure her feelings by producing a sense of shame or any other disagreeable emotion of the mind.

Appeal from the District Court of Jones. Tried below before Hon. H. R. Jones.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*Woodruff & Hughes,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *Cullen C. Higgins,* for the State.

HENDERSON, JUDGE.—Appellant was charged by indictment with an assault with intent to rape, was convicted of an aggravated assault, and fined $25, hence this appeal.

The facts of this case, upon which the State relied for a conviction are to the effect, that prosecutrix, Jessie Osborne, was living at the same house with appellant Lee; that on the occasion in question Lee came to where she was alone on the back gallery washing her hands, and put his arms around her, pulled her head back and kissed her, and then caught her around the waist with his arms, when she began to cry, and pulled loose from him. She left him and went to a front room, but subsequently came back on the gallery, and appellant again put his arms around her and pulled her up against him and pressed his person up against her person, and made vulgar motions. Prosecutrix again pulled loose from him, and went into the dining room. This is substantially all of the testimony relating to an assault: there being no outcry at the time, though it was in a thickly settled neighborhood, with houses just across the street. Appellant on his part denied the statement of prosecutrix; but testified that she was on the back gallery crying, and he asked her what was the matter, she said she was apprehensive about the case against her husband. Appellant told her she need not be uneasy about that; that the witnesses had left the State; that he put his hand on her shoulder and may have tapped her under the chin; that he had known her a long time and played with her and other girls about her size. The court charged on assault with intent to rape, and also on aggravated assault. In defining aggravated assault, the court used the statutory definitions, telling the jury, that the use of any unlawful violence upon the person of another with intent to injure him. whatever be the means or degree of violence used, is an assault and battery; and an attempt to commit a battery or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault. The injury intended may be either bodily pain, constraint or sense of shame, or other disagreeable emotions of the mind, etc. An assault becomes aggravated

when committed by an adult male upon the person of a female. In applying the law to the facts, the court instructed the jury: "If you find from the evidence that defendant made an assault upon the person of Jessie Osborne, not with intent to commit rape upon her, but with intent to have sexual intercourse with her, with her consent, then you will find defendant guilty of an aggravated assault," etc. This charge is complained of by appellant. In this connection appellant complains of the refusal of the court to give his special charge, substantially to the effect: if the jury believed that defendant assaulted Jessie Osborne, by placing his arms around her or by kissing her, or by otherwise handling or fondling her person, with intent to injure and without her consent, then and in that event he would be guilty of an aggravated assault, etc. On the other hand, unless the jury believe from the evidence beyond a reasonable doubt that defendant put his arms around prosecutrix, and fondled her person, without her consent with intent to injure her, and in such manner as was calculated to create in her mind a sense of shame or any other disagreeable emotion of the mind, to acquit him. The giving of the above instruction by the court and the refusal to give the charge requested, are appellant's principal grounds for urging a reversal.

It has been held in a number of cases that, where the State's proof tended to show an assault without violence, it was encumbent on the court to instruct the jury, there must be established an intent to injure on the part of the person making the assault; and that it was not proper to charge article 588, Penal Code, to the effect that, where an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. Brown v. State, 60 S. W. Rep., 548; Stripling v. State, 10 Texas Ct. Rep., 322; 80 S. W. Rep., 376. It has further been held that, where the evidence of intent to injure was slight, and this was rebutted on the part of appellant, and there was evidence in the case tending to show that what was done may have been with the consent of the prosecutrix, or at least from appellant's standpoint, that he had reason to believe there was no objection to what he did, that this view of the case should be given to the jury, in order that they might intelligently pass on the proposition as to whether or not there was an intent to injure on the part of appellant. Crawford v. State, 21 Texas Crim. App., 454; Taylor v. State, 24 Texas Crim. App., 299; Chambless v. State, 10 Texas Ct. Rep., 206, 79 S. W. Rep., 577. In this case it will be seen that the court directly instructed the jury, if what appellant did was with the intent to have carnal intercourse with prosecutrix with her consent, that he would be guilty of an assault. If it be conceded that appellant assaulted prosecutrix and roughly handled her, expecting to gain her ultimate consent, it might constitute an assault; but under the peculiar facts of this case, it occurs to us that such a charge would be misleading. Prosecutrix was of the age of consent; and if she consented to what was done, or if appellant did not injure her, and had reasonable ground to believe that she was consenting to what he did,

then he would not be guilty of an assault. If, on the other hand she was objecting to what was being done, and appellant had no reasonable ground to believe she was consenting to his treatment of her, then he might be guilty of an assault. In Crawford's case, supra, Judge Wilson, speaking for the court, under facts somewhat similar to these, uses this language: "Defendant may have taken hold of Miss Williams' hand and placed his arm around her shoulder in a familiar and indecent manner, calculated to injure her feelings and still not have been guilty of an assault. He may have had no intention of injuring her, and without such intent there was no assault. He may have had Miss Williams' consent to so conduct himself. If so, there was no assault." And he further says, the following charge should have been given: "If you believe from the evidence that the defendant used unlawful violence upon the person of Sallie Williams, by taking hold of her hand and by placing his arm around her shoulder with intent to injure her, you will find him guilty," etc. It will be seen from this discussion it is held the charge should be addressed to the particular facts assumed to constitute the assault and stress is laid on the intent to injure as an essential element constituting the assault. We do not believe the charge as given was correct, and the requested charge, or some charge embracing the essential features thereof, should have been given to the jury, in order that they might have intelligently determined whether or not appellant perpetrated an assault on prosecutrix. That is, in order to constitute an assault of this character, the familiarities must be indecent, and without the consent of prosecutrix, and they must be under circumstances calculated to injure her feelings; and appellant must have done the acts against her will, or without reasonable grounds for believing that she was assenting thereto, and with intent to injure her feelings by producing a sense of shame, etc.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*