### DANIEL v. DE ORTIZ et al.

(Court of Civil Appeals of Texas. El Paso. Oct. 26, 1911. Rehearing Denied Nov. 15, 1911.)

1. APPEAL AND ERROR (§ 635*)—RECORD—OMISSIONS.

Where there were no conclusions of law and fact in the record, judgment will be affirmed, if there is any evidence to support any theory on which it may be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 635.*]

2. SALES (§ 479*)—RECOVERY OF PROPERTY BY SELLER—EVIDENCE—SUFFICIENCY.

In an action wherein a seller of furniture on the installment plan sequestered it, evidence held to sustain a finding that the furniture had been paid for.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

3. APPEAL AND ERROR (§ 934*)—REVIEW—PRESUMPTIONS.

Where, on appeal in an action wherein furniture sold on the installment plan was seques-

tered, there were no conclusions of fact, and the record shows the value of the property when it was delivered to defendant's buyers, the appellate court must assume that the trial court found it to be the same value at the time of the trial; judgment for defendant being for such amount.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3784; Dec. Dig. § 934.*]

Appeal from El Paso County Court; A. S. J. Eylar, Judge.

Action by R. L. Daniel against Adelaida Gutierrez de Ortiz and another. Judgment for defendants, and plaintiff appeals. Affirmed on condition of remittitur.

Atlas Jones, for appellant. W. J. Bryan, for appellees.

PETICOLAS, C. J. This was a suit originating in the justice court, but appealed from the county court of El Paso county, Tex., by R. L. Daniel against Adelaida Gutierrez de Ortiz and her husband, for certain furniture and a sewing machine, and in the alternative for $39.20, and the foreclosure of certain liens; the amount in controversy being over $100.

The plaintiff alleged that he had sold the property to the defendants under three certain leases, or instruments, which he denominates "leases." The property was sequestrated by the plaintiff and taken from possession of defendants. The defendants answered with general denial and exceptions, and alleged that the defendants contracted with the plaintiff for the purchase of certain furniture on the 11th day of January, 1909, which they were to pay for on the installment plan; that they did pay therefor; that they performed their contract and made all payments, and that said contract is fully paid out and satisfied; that on May 24, 1909, they entered into a separate agreement or contract with plaintiff for the purchase of a Singer sewing machine, which was likewise to be purchased on installments. They also pleaded in reconvention, by reason of the levy of the writ of sequestration and the seizure of said furniture, for damages.

Both parties testify that payments were made, and that more than enough payments were made to pay out the furniture, if such payments should be legally applied to that account first. The Singer sewing machine was returned to the plaintiff, and he, according to the defendants' contention, sold it to another person. There was judgment for plaintiff for the machine, which he had in possession at time of trial, and judgment for defendants for $55 damages.

It will be seen from this statement that the material issue in the case was as to the application of payments. If the payments made are to be considered as applied to the furniture account, it is paid for, and plain-

tiff cannot recover, and wrongfully sued out the writ of sequestration, and is liable in damages therefor.

[1] There are no conclusions of law and fact in the record. The rule in such case is well settled that, if there is any evidence to support any theory on which the court's judgment may be sustained, the case will be affirmed. Walker v. Cole, 89 Tex. 323, 27 S. W. 882, 34 S. W. 713; O'Fiel v. King, 23 S. W. 696; Prideaux v. Glasgow, 2 Tex. Civ. App. 182, 21 S. W. 276.

[2] The testimony shows that the furniture account and purchase began in January, and the machine was not purchased until some months later. Adelaida Gutierrez de Ortiz testified: "The total amount of furniture I bought from Mr. Daniel was $55. I paid for all of it. Mr. Daniel gave me a receipt in full for all of the furniture. Mr. Daniel told me to pay one account, and then pay the other one; he said I would have to pay the furniture account first. I told him all right, and went on making payments. After making the last payment to complete the $55, * * * I returned the sewing machine right after I was notified that the suit was brought." There was also testimony to show that Daniel sold the sewing machine so returned to him to another party. It does not become necessary for us to pass upon the instruments executed between plaintiff and defendants. It is apparent that, whether they were leases, or mortgages or conditional sales, they provided that the furniture should belong to the defendants when paid for. The foregoing testimony (although not all there is) is ample to sustain a theory that will sustain the case, i e., that the parties agreed that the first payments should be applied to the furniture. As it is admitted that enough was paid to cover the furniture account, it is apparent that the furniture is paid for.

[3] This disposes of all assignments of error, except the fourth, which is to the effect that the court erred in finding for defendants for $55, because the evidence fails to show that the damage was such sum. There is in the record specific testimony as to the value of the property at the time it was delivered to defendants, and, in the absence of conclusions of fact, we believe we must assume that the trial court found it to be of the same value at the time of trial. Avery v. Dickson, 49 S. W. 663. There is sufficient evidence on which to base such an assumption. The furniture consisted of one bedstead, one bedspring, six chairs, one dresser, and one rocking chair, of the value of $52, and one table, of the value of $3. The table was not sequestrated; therefore the judgment of the court in favor of defendants against plaintiff is erroneous to the extent of $3. This may, however, be cured by remittitur.

The case is therefore reversed and remanded, unless within ten days defendants shall remit $3 of their judgment, in which event it is affirmed.