## J. W. AVERY v. W. D. COOPER ET AL.

### No. 2712. Decided December 15, 1915.

#### 1.—Taxation—Assessment—Independent School District.

By article 2851, Revised Statutes, 1911, an independent school district created thereunder is given power to levy and collect school taxes and to have its own assessor and collector therefor; and where it does so it is not bound by the valuation placed on the same property in its assessment for State and county purposes, but may make a higher valuation. (P. 484.)

#### 2.—Same—Valuation by County Assessor.

It is only when the independent school district chooses to have its property assessed for school purposes by the county assessor, under the right given it by article 2862, Revised Statutes, 1911, that, by the proviso attached to that article, the valuation is forbidden to exceed that for State and county purposes, since this proviso attaches only to assessments made by such county officer. (P. 484.)

#### 3.—Same—Case Distinguished.

In the Act of April, 1905, Laws Twenty-ninth Legislature, pages 263-311, from which the articles of Revised Statutes in relation to public schools are taken, section 57 contained two provisos relating to assessment of property for district school taxes, the first relating to special taxes voted under authority of that section, and the second covering all assessments of property for taxation under that Act; both prohibited valuations in excess of that for State and county purposes. Under this second proviso it was held in Gulf, C. & S. F. Ry. Co. v. Blum Ind. School District, 143 S. W., 353, that assessments by an independent school district could not exceed the valuation for State and county purposes, and writ of error refused; but this proviso was afterwards repealed (Act of February 18, 1909, Laws 31st Leg., pp. 17-23) and the decision based on it is inapplicable to our present statutes. (Pp. 484, 485.)

Error to the Court of Civil Appeals, First District, in an appeal from Waller County.

Avery sued Cooper and others, school trustees, to enjoin the collection of taxes. He obtained injunction; but on defendants' appeal the judgment was reversed and rendered in their favor, whereupon Avery obtained writ of error.

*Hanney & Hanney* and *J. V. Week,* for plaintiff in error.—Independent school districts may fix the rate of tax for school purposes at any sum permitted by law, but they can not place a value on the property for tax purposes ·at a greater valuation than is fixed for said property for county and State purposes. Sec. 57 of the amended Acts of 1909, p. 17, being art. 2827 of Vernon's Sayles' Texas Civil Statutes of 1914; Gulf, Colorado & Santa Fe R. R. Co. v. Blum Ind. School District, 143 S. W., 353; Underwood v. Childress, 149 S. W., 775.

*J. D. Harvey,* for defendants in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was instituted by J. W. Avery, as plaintiff, to restrain the trustees of the Brookshire Independent· School District, in Waller

County, and the assessor and collector of taxes for such independent school district, W. D. Cooper, from the enforcement and collection of certain taxes levied for the year 1913 by the trustees upon his property for such school purposes. The assessment of the property made for the benefit of the school district was at a higher valuation than that made by the county assessor and approved by the County Commissioners' Court for State and county purposes. The only question in the case is whether the independent school district in the collection of its taxes was bound by the valuation placed upon the property for State and county purposes.

So far as the record discloses the school district in question is one of the character defined and possessing the powers granted by article 2851, Revised Statutes, 1911. Such a district constitutes an independent school corporation, invested with the authority to levy and collect taxes and issue bonds for school purposes, within the limitations imposed by law, and to have its own assessor and collector of taxes. By article 2862 it is given the right, when a majority of its board of trustees so determine, to have its taxes assessed and collected by the county assessor and collector. There is a proviso in this latter article which declares: "That the property of such districts having their taxes assessed and collected by the county assessor and collector shall not be assessed at a greater value than that assessed for county and State purposes." The only provision of law which attempts to limit the assessment of property in such an independent school district for taxation for the benefit of the district to the valuation fixed for State and county taxation purposes is found in this proviso; and the operation of the proviso is by its terms plainly limited to such only as have their taxes assessed and collected by the county assessor and collector. The allegations of the petition disclose that the Brookshire Independent School District had its own tax assessor and collector, and had not sought to have the taxes in question assessed or collected by the county officials. The proviso in article 2862 is, therefore, without application to the assessment complained of; and the district was accordingly not bound by the valuation fixed by the county officials in its assessment of the plaintiff's property.

If the law is such as to thus permit the assessment of property within such an independent school district for its taxation purposes at a higher valuation than for State and county purposes, it is a matter for the Legislature and not the courts. The legislative history of the subject reveals that under the law, as it now stands, the purpose was to leave such independent districts, in their proper assessment of property for taxation, unrestrained by the valuation imposed by the county officials in their assessment for State and county purposes, except in those instances where the taxes for the district are assessed and collected by the county assessor and collector. The present articles found in the statutes relating to the public free schools of the State, are, in the main, taken from the Act of 1905, comprising chapter 124 of the Acts of the

Twenty-ninth Legislature, p. 263-311. The purpose of that act was to provide for a complete system, and it is shown to have been a comprehensive law. Section 57 of the act was in relation to the special tax authorized to be imposed for the benefit of common school districts, and contained a proviso, "that all property assessed for school purposes shall be assessed at the rate of value of property as said property is assessed for State and county purposes." It likewise contained a second proviso, reading, "that in all assessments of property for taxing purposes *under this bill,* all property shall be assessed at the valuation fixed for said property for State and county ·purposes." Because of this second proviso in section 57 it was held by the honorable Court of Civil Appeals for the Third District in Gulf, Colorado & Santa Fe Railway Company v. Blum Independent School District, 143 S. W., 353, in which a writ of error was denied, that the assessments by independent school districts could not exceed the valuation fixed for State and county purposes. By the Act of the Thirty-first Legislature, chapter 12, pp. 17-23, this section was amended so as to eliminate the second proviso it originally contained; and as thus amended it constitutes present article 2827. It applies only to common school districts, and has no relation to independent school districts. The purpose of the repeal of that · proviso was, manifestly, to free independent school districts of the general limitation it imposed, and to permit their exercise of the independent authority in the assessment and collection of taxes for such school purposes conferred by articles 2851, 2853 and 2861, unaffected by the valuation of such property as fixed by the county officials for State and county purposes, except where their taxes are assessed and collected by the county assessor and collector, as provided in article 2862.

The honorable Court of Civil Appeals has properly determined the case, and its judgment reversing the order of the district judge granting the injunction, vacating such order and rendering judgment for the defendants, is accordingly affirmed.

*Affirmed.*