### WELDER v. SINTON INDEPENDENT SCHOOL DIST. (No. 6285.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 31, 1919. Rehearing Denied Jan. 28, 1920.)

1. OFFICERS ⊚⟶30—CITY ASSESSOR MAY BE APPOINTED SCHOOL DISTRICT ASSESSOR.

That one is city assessor and collector when appointed assessor and collector for a school district is no impediment to taking the district office, though because, under the Constitution, two offices may not be held, acceptance thereof may vacate the city office.

2. SCHOOLS AND SCHOOL DISTRICTS ⊚⟶103(1)—ONE MAY BE DE FACTO ASSESSOR NOTWITHSTANDING IRREGULAR APPOINTMENT AND ABSENCE OF OATH AND BOND.

Neither informality and irregularity of appointment to the office of assessor and collector of school district, by the board authorized to choose such officer, nor failure of the appointee accepting to take or give the prescribed oath or bond, prevents him being a de facto officer; one being such where he enters into possession of an office and discharges its functions, under color of title or authority, which may be acquired from an election or appointment, however irregular or informal.

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(218 S.W.)

3. TAXATION ☞482(4)—IRREGULARITY IN AS-
SESSMENT WAIVED BY MERE OBJECTION TO
RAISE BY BOARD OF EQUALIZATION.

Irregularities, such as want of notice, are
waived when, on notice, the property owners
appear before the board of equalization and
make no objection to the assessment, containing
the valuation made by themselves to the county
assessor, but only to the proposed raise there-
in by such board.

4. SCHOOLS AND SCHOOL DISTRICTS ☞103(1)
—NOT GOVERNED BY GENERAL LAWS FOR AS-
SESSMENT AND COLLECTION OF TAXES.

Any failure of Loc. & Sp. Laws 35th Leg.
(1917) c. 37, creating the Sinton independent
school district, to prescribe ways and means for
assessment and collection of taxes, does not
require the general laws as to taxation to be
consulted, but is covered by section 30 of the
act providing that, as to all matters not pro-
vided for in the act, the board of trustees shall
have the powers conferred on independent school
districts.

5. SCHOOLS AND SCHOOL DISTRICTS ☞103(1)
— RAISING VALUATION OF ACREAGE ONLY
NOT DISCRIMINATION.

The board of equalization of a school dis-
trict are not guilty of discrimination in not
raising the valuation of personal property, but
only that of all the acreage property.

6. SCHOOLS AND SCHOOL DISTRICTS ☞103(1)
—DISCRIMINATION BY BOARD OF EQUALIZA-
TION NOT EVINCED BY GENERAL PLAN.

Discrimination in raising the valuation of
the lands is not evinced by the fact that the
board of equalization of a school district acted
"under a deliberately adopted policy and con-
certed scheme or plan."

Appeal from District Court, San Patricio
County; M. A. Childers, Judge.

Action by John J. Welder against the Sin-
ton Independent School District. Judgment
for defendant, and plaintiff appeals. Af-
firmed.

Proctor, Vandenberge, Crain & Mitchell,
of Victoria, and J. G. Cook, of Sinton, for
appellant.

G. R. Scott and Boone & Pope, all of Cor-
pus Christi, and J. C. Houts, of Sinton, for
appellee.

FLY, C. J. Appellant sought to enjoin ap-
pellee from collecting a certain sum of money
claimed to be due for taxes for school pur-
poses during the year 1918. Other parties—
D. Odem, Mrs. Agnes Fleming et al., and B.
F. Anderson et al.—filed separate suits
against appellee of a like character as in
this case, and, although each of the cases has
been brought to this court on a separate ap-
peal, it has been agreed that the same brief
may be filed in each case, and a decision in
this case will perforce decide the appeals in
the other cases. In each of the cases the re-
lief sought was denied.

[1] The first, second, and third assign-
ments of error assail the conclusion of the
trial judge that G. L. Cellum was a de facto
assessor and collector of taxes for the Sin-
ton independent school district, on the
grounds that the evidence showed that the
attempted and purported action of the school
trustees in selecting him to assess the taxes
of 1918 was invalid, because he was not se-
lected as assessor and collector of the dis-
trict, and that Cellum did not act as assess-
or and collector of the district, but attempt-
ed to assess in a purely informal manner and
without the color of authority. The proposi-
tion is that it is unconstitutional for a per-
son to hold two offices of emolument, and
that Cellum was endeavoring to hold the
offices of city assessor and collector, as well
as the district office of tax assessor and col-
lector of the school district. The conclusion
of the court was that, if it was unconstitu-
tional to hold the two offices, the acceptance
of the district office operated to vacate the
office of city assessor and collector, and that
the fact that Cellum held the city office of-
fered no impediment to his taking the dis-
trict office.

The conclusion reached by the trial court
was undoubtedly correct. Cellum did not
take the oath of office or give bond as as-
sessor and collector of the school district,
but tenaciously held to his office of city as-
sessor and collector. The minutes of the
school board showed that Cellum was ap-
pointed to assess and collect taxes at a per
cent. to be agreed upon, not exceeding 4
per cent. In this connection it may be stat-
ed that the fact Cellum was a city assessor
and collector could add no validity to, or in
any manner affect, his employment to assess
and collect taxes for the district; but the
appointment must be considered as though
Cellum was a private citizen and held no
office of any kind, prior to undertaking the
duties of assessor and collector of the school
district. An acceptance of a second office
would not have the effect of destroying the
second office, but might destroy the right
to hold the first. State v. Brinkerhoff, 66
Tex. 45, 17 S. W. 109.

[2] If it be admitted that Cellum was in-
formally and defectively appointed district
assessor and collector, that would not pre-
vent him from becoming the de facto officer,
because it seems definitely settled that a
person is a de facto officer where he enters
into possession of an office and discharges
its functions, under color of title or authori-
ty, which color of title or authority may be
acquired from an election or appointment,
however irregular or informal. Ruling Case
Law, p. 593, § 313; State v. Oates, 86 Wis.
634, 57 N. W. 296, 39 Am. St. Rep. 912;
Waterman v. Railway, 139 Ill. 658, 29 N. E.
689, 15 L. R. A. 418, 32 Am. St. Rep. 228;

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Howard v. Burke, 248 Ill. 224, 93 N. E. 775, 140 Am. St. Rep. 159. Under the special law of March 2, 1917 (Acts 35th Leg. p. 151), the board of trustees of the Sinton independent school district was given authority to choose an assessor and collector of. taxes; no method of choice being prescribed, any kind of appointment, evincing a choice of a certain individual for the office, would be sufficient. Cellum accepted the appointment, however informal it may have been, and proceeded to perform the duties appertaining thereto.

The office of assessor and collector of the district existed under the special or local law, and it is held that a person may be a de facto officer, although he fails to take the required oath or give the required bond. Ruling Case Law, p. 597, § 319; Railway Co. v. Bolding, 69 Miss. 255, 13 South. 844; Weatherford v. State, 31 Tex. Cr. R. 530, 21 S. W. 251, 37 Am. St. Rep. 828; Brown v. State, 42 Tex. Cr. R. 417, 60 S. W. 548, 96 Am. St. Rep. 806. It cannot be claimed that the appointment of Cellum, was void, because it was made by a board authorized to make it. .It was merely irregular or informal, which did not affect its validity. Clegg v. State, 42 Tex. 605.

[3] In the case of D. Odem and W. H. Bullard, two of the appellants, the assessment sheets were signed by them; in the case of Anderson, another appellant, the assessment sheet was presented to him, and he refused to sign it. All of the other appellants, consisting of John J. Welder, Frank A. Welder, Mrs. Dora Dunlap, Miss Adeline Welder, and Mrs. Agnes Fleming, were nonresidents, and their assessments were copied from the county and city rolls, and they were to all intents and purposes put on the unrendered roll of the school district. After the property had been assessed against the nonresidents of San Patricio county, of which the Sinton independent school district is a part, all of them were notified to appear before the board of trustees, sitting as a board of equalization, to show cause why the assessment on their real estate should not be raised. All of the appellants appeared before the board and entered protests against the raise in the valuation of their land. The assessor, in effect, placed the property of the nonresidents on the roll as unrendered property, and when they were notified of the intention of the board of equalization to raise the value of their lands there was no objection made to the assessment, but only to the increased valuation by the board. The assessments made by Cellum were copies of the assessments made by the different appellants to the county tax assessor· of San Patricio county. They have never made any objection to the valuation placed on their property in those assessments. It is admitted in the petitions of ap-

pellants that the property in the school district was rendered for taxation to the county assessor for the same values placed on it by the district assessor. The property could have been assessed by the county assessor, had the board so desired. All that could have been obtained by a notice of the assessment from the district assessor was obtained when the appellants were notified to appear before the board of equalization, and did so appear, and did not assail the assessment. This was a complete and full waiver of any irregularities or defects in the assessment of the property, and appellants are estopped to attack the validity of the assessment.

[4] It is the contention of appellant that, as no ways and means are prescribed in the special act for the assessment and collection of taxes, the general laws as to taxation must be consulted; but a different provision from that is made in the act itself and it is provided (section 30) that as to all matters not provided for in the act the board of trustees should have the powers conferred on independent school districts. It is specially provided that the board of trustees of the Sinton independent school district shall be authorized to equalize and fix the valuation of all real and personal property assessed for school purposes, and that it shall not be governed by the valuations fixed for state and county and city purposes; but the county valuation may be adopted by the board, if it should be found desirable. If the county assessor had been appointed to assess the property for the district, his valuation for state and county purposes would have controlled the valuation for district purposes. Rev. Stat. 2862; Avery v. Cooper, 107 Tex. 483, 180 S. W. 734.

While the county assessor did not assess for the district, still his assessment for the county was adopted by the district assessor. It was the assessment of their property made by appellants to the county assessor to which no objection has been urged by them, and after going before the board of trustees, sitting as a board of equalization, and making no attack on the assessment, they cannot be heard to urge it now. The assessment was not void, but at the most only irregular, and its irregularities could be waived. Rosenberg v. Weekes, 67 Tex. 587, 4 S. W. 899. If, as held in Galveston City Co. v. Galveston, 56 Tex. 486, and Houston v. Feeser, 76 Tex. 367, 13 S. W. 266, payment of an illegal tax, with knowledge of the facts, will preclude any complaint of the tax or the recovery of the sum paid, it would seem that a party surrounded with the circumstances of this case could waive irregularities in an assessment which is admitted to have contained the proper valuation of the property; the valuation having been made by appellants themselves.

If appellants were entitled to notice that an assessment was to be made, they obtained every right that they claim by being accorded an opportunity to appear before the board of equalization and attack, not only the assessment, but the intended raise. They did not attack the assessment. If, as contended by appellants, the provisions of the law as to state and county taxation applies to this case, appellants being absent from the county, the assessor was authorized to assess the property, without notice to the owners. Articles 7550, 7551, and 7563.

[5, 6] The evidence failed to show any discrimination against appellants in the action of the board of equalization in raising the value of their property. All landowners of acreage property had their property valuation raised in the same ratio. The board was not guilty of discrimination in not raising the valuation of personal property, but only raising the valuation of all acreage property. The fact that the board may have acted "under a deliberately adopted policy and concerted scheme or plan" would not evince any discrimination in raising the valuation of the lands. The court, whose conclusions of fact are approved by this court, found that the raised valuation of the lands of appellants was not near the true value of the land, ranging from 25 to 40 per cent. of the true value.

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error are overruled. All pertinent matters and things contained therein have been discussed herein.

The judgment is affirmed.