**BLEWETT v. RICHARDSON INDEPENDENT SCHOOL DIST. et al.  (No. 8476.)**

(Court of Civil Appeals of Texas.  Dallas. March 26, 1921.  Rehearing Denied April 30, 1921.)

**1. Appeal and error ☞850(1)—Judgment affirmed if supportable on any phase of the facts in absence of conclusions of fact.**

Where trial court filed no conclusions of fact in an equity case and was requested to file none, its judgment will be affirmed on appeal if there is any phase of facts legally competent to support it.

**2. Taxation ☞319(2)—Assessments held not invalid by reason of irregularities of assessor.**

Assessments by an assessor were not void because assessor, who was appointed May 13, 1919, did not make his assessments until September, 1919, and did not swear to his roll until January, 1920, and did not execute his oath and bond until after the assessments were made, being mere irregularities insufficient as a basis for completely invalidating his acts, being at least a de facto officer, and the office being de jure.

**3. Schools and school districts ☞103(1)—Prior assessments by county tax assessor could not affect validity of district assessment.**

The fact that county tax assessor assessed school district for school taxes in previous years could not affect the validity of a district assessment.

**4. Schools and school districts ☞103(1)—School district not bound by valuations made by county tax assessor.**

The fact that valuations for county and state purposes were lower than those later fixed by school district assessor could not affect the validity of the later assessments; school district not being bound to follow the valuations made by the county assessor, and having the right in the exercise of reasonable and proper discretion to fix them at a different figure.

Appeal from District Court, Dallas County; W. C. Kimbrough, Special Judge.

Action by C. H. Blewett against the Richardson Independent School District and others.  Judgment for defendants, and plaintiff appeals.  Affirmed.

Chas. F. Greenwood, of Dallas, for appellant.

Hiram F. Lively, of Dallas, for appellees.

HAMILTON, J.   This is an action to restrain by injunction the collection of school taxes by Richardson independent school district of Dallas county, Tex., its trustees and its assessor and collector of taxes, J. H. Heffington.

By verified petition the plaintiffs and interveners, appellants, alleged that during 1919 the Dallas county tax assessor assessed the taxes of Richardson school district for school purposes as he had done in previous years, and that those against whom they complained knew this and acquiesced in it. They also alleged that long after the assessment for all purposes had been made by the county tax assessor for the year 1919, and after it had been reduced to writing in the way provided by law, and on which the 1919 taxes would have been calculated and paid, the defendant J. H. Heffington copied the rendered rolls of the county tax assessor, and without plaintiffs' consent unlawfully, unjustly, and illegally attempted to raise their assessments and renditions for the school district made to the county tax assessor and to place them on separate sheets at valuations far in excess of those taken by the county tax assessor, that no actual assessments of their properties were made by Heffington, and that they did not make any rendition to him, but that after he had copied the county tax assessor's rolls he in some instances doubled the valuations of property on those rolls and in others trebled them and in still others did not raise them at all.  And it was alleged that the school district's assessor's sheets thus prepared were delivered to the equalization board of said district, who, pretending to act as a board of equalizers, raised the valuations of plaintiffs' properties merely for the purposes of increasing the school fund, and not for the purpose of equalizing property valuations for taxes; that the board did not give some of the plaintiffs notice of their meetings, so they could appear and be heard to object to the raises, and that notice was given some of them that the board of equalization would meet at a certain place, and yet the meeting was held at a different place.  It was also alleged that those of the plaintiffs who did appear were not asked about the valuations of their property, but were merely requested to agree to the increases in valuation made by the assessor and board of equalization. The acts of the defendant were alleged to have been capricious, harsh, arbitrary, without authority of law, and discriminatory.

A temporary writ of injunction was granted upon the petition and prayer.

Defendants answered and moved to dis-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

solve the temporary injunction. Responding to the allegations of the petition, they proffered various exceptions and fully denied the allegations, and particularly pleaded the right, legality, and authority of all the acts complained about by plaintiffs.

The cause was heard by the court, and judgment was entered dissolving the temporary injunction, refusing to grant a perpetual injunction, and that plaintiffs and interveners recover nothing.

The appellants by various assignments of error assail the integrity and correctness of the judgment. The effect of the assignments is that the evidence adduced upon the trial does not authorize the judgment, but that the legal effect of it is to conclusively establish appellant's right to the relief sought, and upon this theory appellants ask that the judgment be reversed, and judgment rendered granting the injunction prayed for.

[1] The trial court filed no conclusions of fact and was requested to file none. This being so, under well-established rules of practice we will affirm the judgment if there is any phase of facts legally competent to support it. Walker v. Cole, 89 Tex. 223, 34 S. W. 713; Prideaux v. Glasgow, 2 Tex. Civ. App. 182, 21 S. W. 276; O'Fiel v. King, 23 S. W. 696. We think the judgment is supported by proof that the county tax assessor did not include in his assessment the school taxes for the Richardson district and the testimony of the school district assessor that he prepared the assessment sheets and presented them to the property owners for their signatures and renditions and marked on the sheets of those who refused to render the words, "Refused to render," and submitted all sheets to the board of equalization for the school district, that he then mailed notices to all who refused to sign the sheets, notifying them to appear before the board, and that after the equalization board made its report he made out his rolls and submitted them to the school board, which then approved them, and the testimony of members of the board of equalization that the valuations were as nearly equal and uniform as they could be made. The testimony of the school district officials negatives any assertion that their acts were capricious or arbitrary, or that they reflected any purpose other than an honest attempt to perform their duties in a lawful and conscientious manner.

[2] The assessor was not appointed until May 13, 1919. He did not make his assessments until September, 1919, or swear to his roll until January, 1920. It also appears that he did not execute his oath and bond until after the assessments were made. All these circumstances are urged by appellants as having the effect to render void the assessments. The authorities, however, do not support this view. Mere irregularities are insufficient as a basis for completely invalidating appellee's acts. Welder v. Sinton, 218 S. W. 106. The fact that the tax assessor did not execute the oath and bond before he performed the duties of the office is not available to appellants as a basis for the remedy they invoke. The office whose functions he exercised was a de jure one. This is conceded. There being a de jure office, and he having discharged the duties of it, holding possession, having color of title, and the public generally acquiescing in his possession of it, he was at least a de facto officer. Being such, and the de jure nature of the office being unquestioned, we are of the opinion that his official acts as tax assessor are binding, and validity will be fully imputed to them. Brumby v. Boyd, 28 Tex. Civ. App. 164, 66 S. W. 874; 29 Cyc. 1389–1393.

[3, 4] We do not think that the fact of the county tax assessor having assessed the district for school taxes in previous years could affect the validity of the district assessment by Heffington. Neither could the fact that the valuations for county and state purposes were lower than those fixed by the district disturb the validity of the assessments questioned in this suit. The school district was not bound to follow the valuations made by the county tax assessor, but could fix them, in the exercise of reasonable and proper discretion at a different figure. Avery v. Cooper et al., 107 Tex. 483, 180 S. W. 734; Welder v. Sinton, 218 S. W. 106.

We have considered all assignments of error and the able arguments in support of them. We think the judgment of the trial court is supported by the record, and it will therefore be affirmed.

Affirmed.