## FIRST NAT. BANK OF BENJAMIN v. COFFMAN et al.

### No. 627.

Court of Civil Appeals of Texas. Eastland.

March 28, 1930.

Rehearing Denied May 2, 1930.

J. S. Kendall, of Munday, and Jas. A. Stephens, of Benjamin, for appellant.

D. J. Brookreson, of Benjamin, for appellees.

LESLIE, J.

Mrs. M. E. Coffman and her son, John Coffman, filed this suit to restrain the sale under execution by the First National Bank of Benjamin of certain lots in the town of Goree, Knox county, Tex. At a trial upon the merits before the court without a jury judgment was rendered in favor of the plaintiffs, perpetually restraining the sale of said lots, and from that judgment this appeal is taken. The defendant in a cross-action sought to cancel a certain conveyance by Mrs. M. E. Coffman to her son John, of an interest in a portion of said lots on the theory that the conveyance was made to defraud creditors, among them the defendant. The trial court's judgment was adverse to this contention.

Prior to the occurrence of the matters giving rise to this suit, the First National Bank of Benjamin, defendant below, and appellant here, procured a judgment in the district court of Knox county, Tex., against Mrs. M. E. Coffman, a widow, and her son W. W. Coffman, for the sum of $2,915.77, costs of suit, etc. Thereafter the bank caused an execution to be issued on the judgment and placed in the hands of the sheriff of that county, who was proceeding to levy the same upon the following property: "Lots 9, 10, 11 and 12, Blk. 25; Lot 9, Blk. 9; all of Blk. 55 south of W. V. R. right-of-way; one-half of Blk. 92, and a one-half interest in Lots 17 and 18, Blk. 9; all the said lots being in the town of Goree, as shown by plat of said town as the same appears of record * * * and levied upon as the property of Mrs. M. E. Coffman."

In the petition it is alleged that said lots 9, 10, 11, and 12 in block 25 are the homestead of Mrs. Coffman, were such at the time of the attempted levy of the execution, and had been such long prior thereto. As to the other tracts sought to be levied upon, the petition denies the ownership of any interest therein by Mrs. M. E. Coffman or said W. W. Coffman (codefendant in the original judgment), and it affirmatively alleges that John Coffman, and others (not W. W. Coffman) owned the same.

The evidence was developed upon these issues and the trial court resolved the same in favor of plaintiffs. The appellant insists that the plaintiffs had no right to seek injunctive relief upon the facts alleged, but were required to resort to an adequate remedy at law.

We overrule this contention. Mrs. Coffman was clearly entitled to an injunction to restrain the sale of her homestead under the execution, and as to the other lots involved, John Coffman was entitled to join with her and restrain the sale of his property being levied upon at the same time by virtue of the same execution based upon a judgment to which he was not a party. The right of one to seek such relief by way of injunction is provided by article 4642, Vernon's Ann. Civil Statute, subdivision 4 thereof, as quoted by this court in the case of Braly et ux v. Webster et al., 4 S.W.(2d) 580. Several authorities supporting such right under the statute were there cited, and to them may be added the following: Pacheco v. Allala (Tex. Civ. App.) 261 S. W. 148; Young v. Hollingsworth (Tex. Civ. App.) 16 S.W.(2d) 844; Boykin v. Pierce (Tex. Civ. App.) 240 S. W. 1114; Pierce v. Jones (Tex. Civ. App.) 193 S. W. 1137; Guaranty State Bank, etc., v. Thompson (Tex. Civ. App.) 195 S. W. 960.

As to the sufficiency of the testimony to support the judgment, the appellant by various assignments challenges the correctness of that judgment. The contention is that the evidence does not only fail to authorize the judgment, but that its legal effect is to establish the appellant's contention or right to have all of said property sold as the property of Mrs. M. E. Coffman and to cancel a certain conveyance thereof made by her to John Coff-

man and claimed in this suit to have been made in fraud of creditors. As the record comes before us it appears that the trial court filed no conclusion of fact and law and was not requested to file·any. In such cases it is a well-established rule of practice that this court must affirm the judgment if there is any phase of the testimony legally competent to support it. Walker v. Cole, 89 Tex. 323, ·34 S. W. 713; Blewett v. Richardson Ind. School Dist. (Tex. Civ. App.) 230 S. W. 255; Robertson et al. v. Lee (Tex. Civ. App.) 230 S. W. 730; Prideaux v. Glasgow, 2 Tex. Civ. App. 182, 21 S. W. 276; article 2208, Vernon's Annotated Civil Statute, note 14, p. 845 et seq.

An examination of the testimony discloses that Mrs. M. E. Coffman established by an abundance of testimony her homestead claims to lots 9, 10, 11, and 12 in block 25 aforesaid. As to the other 'lots, the testimony is reasonably sufficient to establish the ownership thereof of the plaintiffs, John Coffman et al., and that Mrs. M. E. Coffman and W. W. Coffman, codefendants in the original suit, owned no interest therein. In this connection it must also be observed that there is evidence to the effect that Mrs. Coffman, in making said conveyance to John Coffman, was not actuated in doing so by any intent or purpose to defraud creditors. At least, there is testimony to that effect and the trial court evidently believed the same and gave effect thereto by the judgment this court is called upon to review. Therefore this court is not at liberty to disregard such conclusions.

Each of the appellant's assignments have been considered and are overruled. For the reasons assigned the judgment of the trial court is affirmed.