

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:                                    Opinion No. O-7143

Re: Is an Independent School
District limited to the
valuation placed by State
and County Taxing Agencies
on property owned by com-
mon carrier?

We have for consideration your letter of March 7,
1946, together with a letter you received from Mr. W. G. Webb,
President of the School Board, Albany Public Schools, request-
ing an opinion on the above subject. The body of both letters
are quoted below:

"I inclose herewith a letter which I have re-
ceived from Mr. W. G. Webb, President of the School
Board of the Albany Independent School District, re-
questing an opinion from your office, which is self-
explanatory.

"It is my opinion that the School District is
not limited to the valuation placed on property owned
by Common Carriers by the State and County Taxing A-
gency, but I would appreciate it if you would give me
an opinion on this question."

"The fact that pipe line companies are common
carriers-would the Albany Independent School Dis-
trict be forced to accept the same valuation for
School tax purposes as the State and County accepts
for State and County taxes?  Please answer the above
question and secure for the Tax Collector of this
District the opinion of the Attorney General on this
identical question."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Thomas L. Blanton, Jr., page 2

Although neither your letter nor the attached letter you received from Mr. Webb definitely state that the Albany Independent School District has its own Independent Tax Assessor and Collector, we have verified our assumption that such is the case by contacting the office of the Department of Education. Therefore, in answering your que tion we limit our opinion to Independent School Districts having their own Tax Assessor and Collector and which are not using either a City or County Tax Assessor or Collector for the purposes of assessing and collecting its taxes.

The actual physical property of a common carrier situated within an Independent School District is subject to tax by such school district the same as the property of an individual or any other corporation would be. The laws of this State make no distinction between property owned by common carrier and that owned by an individual for the purposes of taxing such property. There is a special statute however, with reference to taxing intangible values of bus and freight lines. (Article 7105 Vernon's Annotated Statutes). This department has held in its Opinion No. O-6680 that the intangible values of a corporation are subject to tax by the State but are not subject to taxation by Independent School Districts.

Article 2791 as amended by the Acts of the 1945, 49th Legislature, creates the office of Assessor and Collector of each Independent School District. This article outlines the duties of the Assessor and Collector of the Independent School District as follows:

"There is hereby created the office of Assessor and Collector of each Independent School District whether created by special or general law who shall be appointed by the Board of Trustees thereof and shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes as are conferred by law upon the assessor and collector of taxes in and for any incorporated city, town or village, . . ."

The courts have passed on the question of whether or not an Independent School District Tax Assessor and Collector was limited in his valuation to that placed upon property within the District by the County Tax Assessor and Collector. In the

Hon. Thomas L. Blanton, Jr., page 3

case of Blewett v. Richards Independent School District, 240 S. W. 529, the court said:

"The provisions of law concerning assessing property for taxation in incorporated cities and towns, to which provision Independent School Districts are required to conform, are much less specific than the provisions of the statutes concerning assessment of property for state and county purposes. There is no statute directing when the assessment shall be made, nor when the Board of Equalization shall meet, nor when the roll shall be prepared and approved. All these matters are left to be regulated by the local authorities."

In an opinion written by this department on April 28, 1920, it was pointed out that "In Avery v. Cooper, 180 S.W. 734, the Supreme Court (Opinion by Chief Justice Phillips) held that an Independent School District, having an assessor and collector of its own, can assess property for purposes of school taxation at a valuation other than that made for State and county purposes." Article 2792a, Vernon's Annotated Texas Statutes reads as follows:

"No property shall be assessed for taxes at a valuation greater than its fair market value, and if there is no market value, then no greater than its extrinsic value." Acts 1937, 45th. Leg. p. 637, Ch. 312, Par.2.

We believe this the only statute placing a limitation on the value that may be given property assessed in an Independent School District by its own Independent School District Assessor and Collector.

You are advised, therefore, that it is the opinion of this department that the Assessor and Collector of taxes of the Albany Independent School District is not limited to the valuation placed on the property within his district by the State and county Tax Assessor and Collector.

Hon. Thomas L. Blanton, Jr.,page 4


Trusting the above satisfactorily answers your
inquiry, we are

Very truly yours

APPROVED MAR 26 1946          ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By          E. M. DeGeurin
Assistant

EMDeG:bw