P. O. HUGHES v. THE STATE.

No. 13142. Delivered March 19, 1930.
Rehearing denied May 21, 1930.
Reported in 27 S. W. (2d) 815.

The opinion states the case.

*Thomas & Coffee* of Big Spring, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, simple assault; penalty, a fine of $5.00.

No statement of facts accompanies the record.

Motion was made to quash the information and complaint because "the same is indefinite and uses two verbs, or part verb phrases,

and for the reason that the charging part of the information and complaint makes no sense and charges no offense." It is argued that if this is construed "according to the rhetorical meaning thereof, it is two disjunctive expressions and no connection whatsoever shown between same." It is unnecessary to set out these instruments, which apparently purport to charge an aggravated assault. Without deciding whether they sufficiently charge an aggravated assault, they are deemed sufficient to charge a simple assault and this was the offense of which appellant was convicted. Flynn v. State, 8 Tex. Crim. App. 368; Wilks v. State, 3 Tex. Crim. App. 34. In the absence of any exceptions to the manner of submission of the case to the jury by the court in his instructions and particularly in the absence of a statement of facts, we are not able to say that the failure, if any, to properly charge an aggravated assault was prejudicial error, they being amply sufficient to charge the offense for which the appellant was convicted. Their rhetorical elegance may not be such as to excite the envy of a Lowell or an Emerson, but they were, we think, amply sufficient to plainly inform the appellant that he was charged with a simple assault.

In the absence of a statement of facts, we are unable to appraise the other bills of exception found in the record. 4 Tex. Jur., Paragraphs 166, 167.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### APPELLANT'S MOTION FOR REHEARING.

MARTIN, JUDGE.—Appellant in his motion for rehearing contends that this Court was in error in holding, as implied by its original opinion, that the action of the trial court in refusing him a severance could not be considered in the absence of a statement of facts. It seems unnecessary to discuss this specific point since a careful examination of appellant's application for a severance discloses that it is fatally defective. This application was made under Art. 651, C. C. P., and after stating in substance that appellant and Vinnie Hughes were charged with an aggravated assault upon the same identical persons and a violation and offense growing out of the same transaction, continues as follows:

"That P. O. Hughes desires the use of the testimony of the said Vinnie Hughes, and says he *believes* that the testimony of the said Vinnie Hughes is material in his defense of his own case and that he will use the testimony, if the said Vinnie Hughes comes clear of the charge."

Art. 651, C. C. P., reads as follows:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such other party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. Such affidavit shall not, without other sufficient cause, operate as a continuance to either party."

In construing this article of the statute Judge Hurt in the case of Shaw v. State, 39 Tex. Crim. Rep. 174, uses the following language:

"We would further observe in this connection that, while a severance under this article is a matter of right, the statute should be strictly complied with. The statute requires appellant to state in his affidavit, as a matter of positive averment, that the testimony of his codefendant will be material to his defense. This was not done. The affidavit merely stated that he believed the testimony of said Wilson would be material to his defense."

The Shaw case has been followed in the cases of Marta and Bonado v. State, 81 Tex. Crim. Rep. 135, and Wilson v. State, 71 Tex. Crim. Rep. 333. These authorities appear to settle the question conclusively against appellant. Under these authorities no error is shown in overruling an application for a severance where its language is that he "believes" the testimony material. This must be stated as a positive averment.

Motion overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.